602 So.2d 769 (1992)
Elizabeth Ann Hoover GUILLORY, Plaintiff-Appellant,
v.
Tonas "Bill" GUILLORY, Defendant-Appellee.
No. 91-319.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
*770 Morrow, Morrow, Ryan & Bassett, Jeffrey Bassett, Opelousas, for Elizabeth Guillory plaintiff-appellant.
Willis & DeJean, Pat Willis, Opelousas, for T. Guillory defendant-appellee.
Before GUIDRY and YELVERTON, JJ., and COREIL[*], J. Pro Tem.
YELVERTON, Judge.
Elizabeth Hoover and Bill Guillory were married on November 7, 1986, and had one child, Dylan Guillory. The couple was divorced on May 8, 1990. The judgment of divorce granted joint custody of Dylan to both parents on a three month rotating basis and ordered Bill to pay child support in the amount of $50 per month. The order for child support and custody was not a `considered decree' but rather Elizabeth and Bill agreed to the arrangement. Although Elizabeth was not represented by counsel nor employed at the time of the divorce the trial judge chose not to review the child support agreement but simply signed the judgment.
On September 28, 1990, Elizabeth filed a Rule for Change of Custody and Child Support. After a hearing the trial court denied Elizabeth's request for change of custody and child support. The trial court did modify the custody arrangement from a three-month rotational basis to a one-month rotational basis.
Elizabeth now appeals asserting that the trial court erred in denying sole custody of Dylan to Elizabeth, or in the alternative not ordering that Elizabeth be named as the primary custodial parent. Elizabeth also asserts that the trial court erred in maintaining the child support award at $50 per month. We affirm the child custody order but reverse and remand the child support order.
There is no error in the trial court's denial of Elizabeth's motion for sole custody or primary custodial status. A party seeking a change in the considered decree of permanent custody bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). However, when the custody plan was agreed to and uncontested by the parties, the heavy burden of proof traditionally required of a party seeking modification does not apply, and the test to be applied is the best interest of the child. Sandifer v. Sandifer, 514 So.2d 510 (La.App. 3rd Cir.1987). There is a rebuttable presumption that joint custody is in the best interest of the child. La.C.C. art. 131(C). In child custody cases, the decision of the trial court is to be given great weight and overturned only where there is *771 a clear abuse of discretion. Thompson v. Thompson, 532 So.2d 101 (La.1988).
Elizabeth sought to prove at the trial certain grounds which she believed would establish why custody should be changed. She tried to prove that:
1. Bill had a drinking problem.
2. Bill kept Dylan in a play area built in the front of the store, which was detrimental to the child.
3. Prior to the divorce Bill sent three letters to Elizabeth that Elizabeth contended demonstrated that Bill should not be allowed to have joint custody of Dylan.
4. Bill was 60 years old and she was 26, and she had that maternal instinct.
5. The shuffling of Dylan from one parent to the other was not in the best interest of the child.
The trial judge concluded that the presumption in favor of joint custody had not been rebutted. We have examined the record, and we find no abuse of discretion in this conclusion. The evidence does not support a finding that any of the above listed grounds were proved sufficiently to establish that the current custody order is detrimental to the child. This assignment of error lacks merit.
Elizabeth's other contention on appeal is that the trial court erred in failing to increase the child support Bill was ordered to pay. The trial court left child support at $50 a month. There are statutory guidelines for the determination of child support. La.R.S. 9:315 et seq. They are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. The initial award of child support in this case was based upon the stipulated amount of $50 when Bill and Elizabeth were divorced on May 8, 1990. The trial court did not modify the child support award, apparently concluding that there was no showing that a change in circumstances had taken place.
Before a child support award may be modified there must first be a showing that a change in circumstances has taken place. La.R.S. 9:311 A. Bill argues on this appeal that Elizabeth failed to show a change in circumstances, and that therefore the trial court was correct in denying the motion for modification in child support.
The $50 in child support agreed to by stipulation in 1990 was placed in the divorce judgment when Elizabeth was not represented by counsel. Under La.R.S. 9:315.1 D the trial judge may but is not required to review such a stipulation. Fifty dollars a month is below the lowest level specified in the schedule contained in La. R.S. 9:315.14. La.R.S. 9:315.1 A creates a rebuttable presumption that the amount calculated under the guidelines is the proper amount of child support to be awarded. Subsection B of the same statute allows the court to deviate from the guidelines if their application would be inequitable to the parties or not in the best interests of the child or children. The statute mandates that the court give oral or written reasons for any deviation and these reasons shall be made a part of the record of the proceedings. Montgomery v. Waller, 571 So.2d 765 (La.App.2d Cir.1990).
In this case the trial court did not review the stipulation, despite the fact that $50 a month was below the lowest level specified in the child support guideline schedule of basic child support obligations contained in La.R.S. 9:315.14. The stipulation constituted a clear deviation from the guidelines, and the trial court should have exercised its discretion to review it.
In the record in this case there is a verified income statement by each party. Neither statement complies with the requirements of R.S. 9:315.2. Moreover, neither party put in evidence the documentation required by the statute. The documentation required by the statute mandates inclusion of the party's most recent federal tax return. Neither party included a copy of any tax returns. Based on the information available in the record, and an application of La.R.S. 9:315.8, which explains the worksheet for calculation of the child support obligation, it is clear to us that Bill's share of the total child support obligation is at least $195.72. However, we are unable to make an exact calculation in accordance *772 with the statutory requirements because we do not have the documentation required to be included with the income statements.
In the initial proceedings, Elizabeth was not represented by an attorney. Elizabeth has yet to have her day in court on the subject of child support. Appellate courts will not hesitate to grant relief when a trial court exercises its discretion in such manner that an injustice is done or substantial rights are lost due to a technicality or ruling of the trial court. La.C.C.P. art. 2164; Rawls v. Brotherhood of Railroad Trainmen Ins. Dept., 213 La. 899, 35 So.2d 809 (1948).
We will remand this case to the trial court so that it may properly review the stipulation in the light of current circumstances. On the basis of the income statement and other documentation required by La.R.S. 9:315.2, the trial court can then apply the guidelines as set forth in La.R.S. 9:315.1.
For the above reasons, the child custody order is affirmed. The judgment denying a modification of child support is reversed. This suit is remanded to the trial court so that child support may be set in accordance with La.R.S. 9:315.1 et seq. Costs of this appeal are assessed equally between plaintiff and defendant.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[*] Honorable Joseph E. Coreil, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.