WICKER, Judge.
Lynn Ann Benoit appeals a judgment maintaining an exception of res judicata in favor of Kenneth R. Benoit, her former husband. At issue was Mrs. Benoit’s motion to modify a previous consent judgment of child support. We reverse and remand.
Mr. and Mrs. Benoit married in 1969 and had two daughters, Kendra Marie and Kristi Anne. They separated in 1981 and have been divorced since 1983. Mr. Benoit has remarried.
Mrs. Benoit has always had sole custody of the children; and Mr. Benoit has contributed support consisting of private school costs, medical insurance, and a monthly cash payment which has varied over the years. The last support judgment dates from May 23, 1990, when the girls were then fifteen and seventeen years old. This was a consent judgment giving Mr. Benoit the option of deciding whether or not Kristi would continue at Archbishop Chappelle High School, depending on her grades. The judgment deemed it unnecessary for either party to prove a change in circumstances in the event of a rule to increase or decrease.
Mrs. Benoit filed a rule to change the support obligation one year later. Kendra had already reached her majority, so only support for Kristi was at issue. Mrs. Be-noit asked that support be increased to the level mandated by the child support guidelines in La.R.S. 9:315, that Mr. Benoit be made responsible for a share of Kristi’s extraordinary medical expenses and psychotherapy (he was still paying her medical insurance), that he be made to continue paying Kristi’s private school tuition (he had apparently exercised his option to discontinue payment of private school expenses), and that mediation be ordered to determine the best school placement for Kristi.
Mr. Benoit filed an exception of res judi-cata, and the judge maintained that exception without assigning written reasons. Mrs. Benoit did not have the transcript prepared for this appeal, and there is nothing in the record but the pleadings filed over the last eleven years.
The Supreme Court case of Aldredge v. Aldredge, 477 So.2d 73 (La.1985), is very *270 nearly on point. Mr. and Mrs. Aldredge entered into a consent judgment for support of minor children and specifically reserved the right to apply to the court for modification without proof of change of circumstances. The court held, “Where a consent decree providing for alimony or child support is to be rendered, the parties may reserve the right to an initial judicial determination of a proper alimony or child support award and waive any requirements to prove a change of circumstances.” At 74. Such an agreement “merely allows the parties to come to an amicable agreement on the amount of child support or alimony with the reassurance that the court will be able to review this agreement at a later date to ensure its fairness.” At 75. In his concurrence, one justice noted, “When a consent decree proves satisfactory, the cost and pain of litigation is avoided, but when a consent decree results in grave injustice, the court can provide relief.” At 76.
The existence of a consent judgment is no deterrent to further modification of child support, since child support is always subject to modification in accordance with the best interests of the children. See Betts v. Betts, 549 So.2d 1246 (La.App. 3rd Cir.1989), writ denied 552 So.2d 402 (La.1989); Patrick v. Patrick, 496 So.2d 521 (La.App. 1st Cir.1986); Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983).
The prior consent judgment of support is not res judicata, and the judge’s maintenance of the exception was error. We reverse this ruling and remand the case for a hearing on Lynn Ann Benoit’s application for increased support, including extraordinary medical expenses and private school tuition, and for mediation. Kenneth E. Benoit must pay the cost of this appeal.
REVERSED AND REMANDED.