638 So.2d 252 (1994)
Patricia C. BLACKBURN
v.
David Floyd BLACKBURN.
No. 93-CA-930.
Court of Appeal of Louisiana, Fifth Circuit.
May 11, 1994.
*253 Pat M. Franz, Metairie, for defendant-appellant.
Brenda Braud Birner, William B. Birner, Birner & Birner, LaPlace, for plaintiff-appellee.
Before BOWES, GRISBAUM and CANNELLA, JJ.
GRISBAUM, Judge.
The appellant appeals the trial court's increase in monthly child support payments from $140 to $540 per month claiming there has been no change in circumstances. We affirm.

FACTS
On November 20, 1992, Patricia and David Blackburn were granted a default judgment of divorce pursuant to La.Civ.Code art. 103(1). The default judgment included provisions with respect to child custody and child support. The provisions in the judgment had been discussed with and approved by David Blackburn, as evidenced by his signature thereto. The day the judgment was signed, only Patricia Blackburn and her attorney appeared in court. David Blackburn was not there, nor had he retained an attorney.
About six months later, Patricia Blackburn filed a Rule to Increase Child Support. However, in the response to Interrogatories propounded by David Blackburn she indicated "no change in circumstances have been alleged in the Motion to Increase Child Support."
At the hearing, the trial court refused to dismiss the Rule on the basis that it interpreted Benoit v. Lestremau, 603 So.2d 269 (La.App. 5th Cir.1992) to make the "best interest of the child" the sole criterion for seeking modification of support. After taking evidence, the court granted the increase in child support.

ISSUE
We are called upon to determine whether a "change in circumstances" is a pre-requisite in order to trigger a trial court's discretionary review and/or modifying child support under La.R.S. 9:315.1.

ANALYSIS
Initially, we note the trial court and appellee have misinterpreted the Benoit case. As they perceive it, Benoit would use the "best interest of the child" as the sole criterion for modifying child support. This is not the holding.
Read in proper context, Benoit holds that a prior consent judgment is not res judicata for subsequent rules seeking to modify support. See Aldredge v. Aldredge, 477 So.2d 73 (La.1985); Betts v. Betts, 549 So.2d 1246 (La.App. 3d Cir.1989), writ denied, 552 So.2d 402 (La.1989); Patrick v. Patrick, 496 So.2d 521 (La.App. 1st Cir.1986); Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir. 1983).
However, the cited cases do not apply here because there was no reservation of a right to apply to the court for modification of support without a proof of change in circumstances, nor any other agreement between the parties waiving support or otherwise questionable under public policy.
According to La.R.S. 9:311(A):
"A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award."
*254 Our jurisprudence as reflected in Smith v. Smith, 606 So.2d 897 (La.App. 5th Cir.1992) shows even a consent judgment fixing child support may not be modified absent a showing by a party seeking modification of a substantial change in circumstances.
The record reflects there was no change in circumstances in this situation.[1] However, even though no change in circumstances occurred, we find the trial court's modification of support is not in error. La.R.S. 9:315.1 provides, in pertinent part:
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
(Emphasis supplied.)
This applies to any proceeding to modify child support which was filed after the effective date of the statute. We also note La. R.S. 9:315.1(D):
The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount, and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2.
Apparently, the trial court chose to exercise its discretion to review the award of child support. Given the facts that the child's father was making upwards of $50,000 a year, the child has Downs syndrome, and the father only paying $140 per month, we see that the increase in the award is not an abuse of the trial court's discretion under this statute. We note that the discretion to review the award of child support has also been exercised in the case of Guillory v. Guillory, 602 So.2d 769 (La.App. 3d Cir. 1992). Appellant argues this case is distinguishable from Guillory because Patricia Blackburn was represented by an attorney at the proceedings and therefore knew what she was getting into; thus, the trial court should not have exercised its discretion. We disagree, finding no abuse of discretion on the part of the trial court, since the facts warranted a review.
We emphasize this decree does not place an affirmative duty on the trial courts to review all decrees between the parties to determine if they are in accord with guidelines. We merely recognize that La.R.S. 9:315.1 gives the trier of fact the discretion to review any and all decrees between the parties in any proceeding to modify or establish child support.
For the reasons assigned, we find there was no abuse of the trial court's discretion under La.R.S. 9:315.1(D) to review the amount of child support. We affirm the increase in the award of child support. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
BOWES, J., concurs in the results reached in this matter, but not with all of the findings or all the reasons given in the opinion.
CANNELLA, J., dissents with reasons.
CANNELLA, Judge, dissenting with reasons:
With due respect to the majority, I dissent. Neither the statutory law nor the jurisprudence provides for the courts to carve out a non-statutory exception to the change of circumstance rule.
La.R.S. 9:311 A states:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change of circumstances on one of the parties between the time of the previous award and the time of the motion for modification of the award.
This provision, which codified prior jurisprudence, became effective in 1989 and was in *255 effect at the time of these proceedings. The change of circumstance requirement exists even when there has been a consent judgment of child support. Matter of Spence, 600 So.2d 782, 784 (La.App. 5th Cir.1992). As pointed out by the majority, the case of Benoit v. Lestremau, 603 So.2d 269 (La.App. 5th Cir.1992), does not modify that rule. But the majority concludes that an exception exists under R.S. 315.1 D.
La.R.S. 315.1 D, states that the court may review and approve a stipulation between the parties entered into after the effective date of the guidelines. In the case of Guillory v. Guillory, 602 So.2d 769 (La.App. 3rd Cir. 1992) the court found that plaintiff was entitled to this review without a showing of change of circumstances as required by R.S. 315 D. However, the facts in that case are distinguishable. Further, I do not believe that the legislature intended R.S. 315.D to be applied as an exception to the change of circumstance rule. If the legislature intended that the rule be abolished or eroded when it enacted the guidelines, it could have amended or abolished R.S. 9:311 A. This conclusion is supported by R.S. 9:315.11, which states that the enactment of the guidelines is not to be considered a change of circumstances for that reason alone, as well as by the fact that later legislation carved out only two specific exceptions. In La.R.S. 9:311 C and D, enacted in 1993, the legislature provided that the change of circumstances need not be shown in cases in which the Department of Social Services is involved and for court ordered medical support awards. When given the opportunity to restrict or abolish the application of the change of circumstance rule, the legislature did not do so.
Accordingly, I would reverse the judgment of the trial court.
NOTES
[1] David Blackburn's salary actually decreased slightly between the time of initial child support award of $140 a month until the increase in monthly support.