739 So.2d 762 (1999)
Robert STOGNER
v.
Benita STOGNER.
No. 98-C-3044.
Supreme Court of Louisiana.
July 7, 1999.
*764 C. Jerome D'Aquila, New Roads, Counsel for Applicant.
Charles Eugene Griffin, II, St. Francisville, Counsel for Respondent.
KNOLL, Justice.[*]
This modification for child support matter concerns a stipulated (consent) judgment and the applicable standard required for a change of circumstances in requesting a modification. The adequacy of the stipulated child support judgment raises the issues to what extent, if any, are the guidelines applicable and the function of the trial judge as gatekeeper to assure adequacy and consistency in child support awards.

FACTS AND PROCEDURAL HISTORY
Benita and Robert Stogner were married in Washington Parish on June 26, 1981. They had two children, Jeremy born on September 20, 1987, and Timothy born on July 14, 1990. Benita and Robert separated on January 15, 1994. On April 6, 1994, the trial court, by stipulation of the parties, awarded joint custody of the two minor children to the Stogners, with Benita being the domiciliary parent and Robert paying $400 per month for the support of the children.[1] Subsequently, on June 29, 1994, the trial court granted a judgment of divorce, finding Benita at fault in the termination of the marriage, and incorporated the provisions of the April 6, 1994, judgment which pertained to custody, visitation, and support.
Thereafter, on October 28, 1996, approximately two years later, Benita filed a rule nisi for increase of child support. In her petition, Benita alleged that a change of circumstances had occurred and that the child support set initially in 1994 was established without regard for the child support guidelines.[2] The testimony at this hearing showed that at the time of the consent judgment Benita earned $6.81 per hour and Robert had a yearly salary of $63,234.97. In contrast, at the time of Benita's motion, her hourly wage had increased to $10.50 per hour and Robert's annual salary had decreased to $61,183.22. In its ruling, the trial court held that although the original child support was set in complete disregard of the guidelines, it was done pursuant to the agreement between the parties, and that Benita agreed to this amount with the benefit of legal representation. It further held that this amount would remain unless it could be shown that a change of circumstances had occurred. Accordingly, finding no proof of a change of circumstances, the trial court denied Benita's motion for an increase.
Later, on a motion for new trial, Benita urged that according to La. R.S. 9:315.1(D) the trial court should have considered the guidelines even though the parties had proposed an amount of child support to which both agreed. In its denial of the motion for new trial, the trial court held that a review of the proposed stipulation pursuant to La. R.S. 9:315.1(D) was discretionary with the trial court, and was intended *765 to occur at the time of the agreement, not when judicial examination was urged years later.
In an unpublished opinion the Court of Appeal, First Circuit, found that no proof of a substantial change of circumstances had been established. It further concluded that the trial court had not erred when it did not exercise its option to review the proposed stipulation in light of the statutory guidelines as provided in La. R.S. 9:315.1(D).[3] In its analysis it factually distinguished Guillory v. Guillory, 602 So.2d 769 (La.App. 3 Cir.1992), a Third Circuit case that remanded for reconsideration and application of the statutory guidelines, on two grounds: (1) the stipulated amount of child support in the present case was not below the lowest level specified in the guidelines; and (2) an attorney represented Benita when she stipulated to the amount of child support. Stogner v. Stogner, 97-2492 (La.App. 1 Cir. 11/6/98), 728 So.2d 29.
We granted Benita's writ application to consider the lower courts' rulings regarding the discretion of the trial court under La. R.S. 9:315.1(D) and the change that must be shown in a modification action. 98-C-3044 (La.3/19/99), 739 So.2d 214. For the following reasons, we reverse and remand this matter to the trial court, finding that the trial court based its ruling on the stipulated judgment of June 29, 1994, which it then approved without the trial court first considering the guidelines in reviewing the adequacy of the stipulated amount, La. R.S. 9:315.1(A) and (D), and without giving specific oral or written reasons warranting a deviation from the guidelines, La. R.S. 9:315.1(B), all of which rendered this judgment an abridgment of the legislative intent in the enactment of the statutory guidelines, and an error of law. We further find that the appellate court erred as a matter of law in requiring Benita to show a heightened burden of substantial change of circumstances, instead of simply showing a change of circumstances as provided in La.Civ.Code art. 142 and La. R.S. 9:311.

LEGAL ANALYSIS

STIPULATED JUDGMENTS AND THE APPLICABILITY OF THE GUIDELINES
The lower courts relied upon the stipulated judgment of June 29, 1994, in denying Benita a modification of child support. Therefore, we must determine if the adequacy of that stipulated judgment was properly decided and warranted the downward deviation, in assessing the correctness of the denial of the modification.[4]
In assessing the modification of child support, the lower courts, focusing only on Paragraph (D) of La.R.S. 9:315.1, found that there was no duty on the part of the trial court to review the adequacy of the stipulated amount in the initial judgment. After considering Paragraph (D) in light of the entirety of La.R.S. 9:315.1 and reflecting on the legislative intent in that enactment, we find that the trial court's role in *766 instances where child support has been stipulated is greater than that assigned in the lower courts heretofore.[5]
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.Civ.Code art. 9; La.R.S. 1:4. However, when a law is susceptible of different meanings, "it must be interpreted as having the meaning that best conforms to the purpose of the law." La.Civ.Code art. 10.
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Piazza, 596 So.2d 817 (La.1992). It is likewise presumed that it is the intention of the legislative branch to achieve a consistent body of law. N. SINGER, SUTHERLAND STATUTORY CONSTRUCTION, Sec. 23.09 (Sands 5 th ed.1993). The meaning and intent of a law is determined by consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Hayden v. Richland Parish School Bd., 554 So.2d 164, 167 (La.App. 2 Cir.1989), writ denied, 559 So.2d 124 (La.1990).
La.Civ.Code art. 227 provides that parents, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. Hogan v. Hogan, 549 So.2d 267 (La.1989). As a complement to that obligation, La.R.S. 9:315-315.15 provides a detailed set of guidelines that the courts are mandated to follow in setting the amount of child support in "any proceeding to establish or modify child support filed on or after October 1, 1989." La.R.S. 9:315.1(A); Hildebrand v. Hildebrand, 626 So.2d 578 (La.App. 3 Cir.1993). These child support guidelines were enacted in 1989 for a twofold purpose: to address the inconsistency in the amounts of child support awards and as an appropriate solution to the inadequacy of the amounts of these awards. Nations, Louisiana's Child Support Guideline: A Preliminary Analysis, 50 La.L.R. 1057, 1058 (1990); see also The Family Support Act of 1988, Pub.L. 100-485, 102 Stat. 2343 (1988). Under this system of guidelines, the Legislature adopted an income shares approach which combines the adjusted monthly gross income of both parties in arriving at the amount of support owed. BLAKESLY, LOUISIANA FAMILY LAW, § 16.09.1 at 16-19 (Michie 1996). As stated in La.R.S. 9:315.1(A) the amount determined by the guideline formula is presumed to be in the child's best interest. Percle v. Noll, 93-1272 (La.App. 1 Cir. 3/11/94), 634 So.2d 498. Moreover, the parental obligation to pay child support must be implemented within the body of law contained in the Louisiana Child Support Guidelines. La.Civ.Code arts. 227-231; La.R.S. 9:315, et seq.; State in Interest of Travers, 28,022 (La. App. 2 Cir.12/6/95), 665 So.2d 625; BLAKESLY, LOUISIANA FAMILY LAW, § 16.09.1 at 16-19 (Michie 1996). As such, the guidelines are intended to fairly apportion between the parents the mutual financial obligation they owe their children, in an efficient, consistent, and *767 adequate manner. State in Interest of Travers, 665 So.2d 625.
It is likewise provided in the legislation that there may be deviation from the guidelines if the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties. La.R.S. 9:315.1(B). In this instance, it is incumbent upon the trial court to "give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines." Id. As such, the function of the guidelines to provide adequacy and consistency in child support awards is served through the establishment of a method of deviation which requires the introduction of an evidentiary basis for such departure into the record. Hildebrand, 626 So.2d at 581.
Prior to the enactment of the child support guidelines, the jurisprudence had further recognized that parents may enter into a consent judgment to establish child support. See Hogan, 549 So.2d at 267; Aldredge v. Aldredge, 477 So.2d 73 (La. 1985); Williams v. Williams, 586 So.2d 658 (La.App. 2 Cir.1991); McDaniel v. McDaniel, 567 So.2d 748 (La.App. 2 Cir. 1990); Chaisson v. Chaisson, 454 So.2d 890 (La.App. 4 Cir.1984). In accordance with that jurisprudence, it is likewise envisioned in the guidelines that there will be instances where the parents will stipulate (consent) to an amount of child support. In that regard, La.R.S. 9:315.1(D) provides:
The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount, and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2.
It is this provision on which we now focus our attention.
In the present case, the lower courts read Paragraph (D) in isolation, concluding that review of the stipulated amount in light of the guidelines was discretionary. We find this a flawed reading of this statutory provision which defeats the purpose of the legislature's intent to ensure adequate and consistent child support awards.
A reading of the lower courts' rulings makes it evident that the one thing not considered was the overriding provision of La.R.S. 9:315.1(A) wherein the legislature provided that the guidelines must be used "in any proceeding to establish or modify child support." (Emphasis added).[6] In light of that mandate, we find that the opening sentence's use of the words "court may review and approve the stipulation" in La.R.S. 9:315.1(D) means that although the parents may present a stipulation for consideration, the trial court is not bound to follow it and may choose to use the guidelines instead. In this context, we find that the opening phrase of the second sentence of Paragraph (D), "If the court does review the stipulation," simply means that if the trial court does not categorically reject the proposed stipulation, i.e., it chooses to entertain the stipulation, the trial court "shall consider the guidelines ... to review the adequacy of the stipulated amount." To assume, as the lower courts did herein, that the reviewing role of the trial court was discretionary creates an anomaly that cannot be reconciled with the mandated application of the guidelines to the establishment or modification of child support provided in Paragraph (A) of La.R.S. *768 9:315.1. Moreover, such a reading would impermissibly find the guidelines inapplicable.
As directed by the codal articles and jurisprudence in the interpretation of statutes, we find that consideration of the legislative impetus to enact the guidelines convinces us that the language of Paragraph (D) must yield to the mandated review requirements established in Paragraph (A). With that in mind, it is clear that the focal point of Paragraph (D) is its insistence in the second sentence that when the trial court reviews the agreement proposed by the parents, it "shall consider the guidelines ... to review the adequacy of the stipulated amount." This the trial court did not do in the present case. Nor did it give any reasons warranting a deviation from the guidelines.
We hasten to add that although we find that the adequacy of the stipulated amount must be evaluated in light of the guideline's considerations, the trial court is not foreclosed from approving the amount to which the parents have stipulated (consented). As authorized in La.R.S. 9:315.1(B), the trial court, after reviewing the proposed stipulation in light of the considerations enunciated in La.R.S. 9:315.1(C), may nevertheless approve a deviation from the guidelines provided it specifies for the record, either orally or in writing, the reasons for the deviation. Such an approach underscores the integral role of the trial court as gatekeeper in this area of paramount importance. If properly performed in accordance with the guidelines, this judicial review will further assure the adequacy and consistency of child support awards, foster evenhanded settlements,[7] and preserve a record for the evaluation of later proceedings to modify initially stipulated child support awards.
This analysis is not to be viewed as an abrogation of that body of law which has recognized that a consent (stipulated) judgment is by its nature a bilateral agreement between the parties wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. McLain v. McLain, 486 So.2d 1044 (La.App. 2 Cir. 1986); Williams, 586 So.2d 658 (La.App. 2 Cir.1991); McDaniel, 567 So.2d 748 (La.App. 2 Cir.1990); Chaisson, 454 So.2d 890 (La.App. 4 Cir.1984). Notwithstanding the freedom of the parties to so agree, parties must remember that their agreements may not "derogate from laws enacted for the protection of the public interest." La.Civ.Code art. 7. In the present instance, it is clear that the stipulated child support recognized in the judgment must conform with the public policy codified in the child support guidelines with its concomitant best interest presumption and mandated adequacy review provisions. Accordingly, we find that pursuant to La. R.S. 9:315.1(A) and (D), the trial court should have "consider[ed] the guidelines set forth [and] ... review[ed] the adequacy of the stipulated amount, ...." before the stipulated judgment was presented to it for signature, and further, the trial court should have given oral or written reasons warranting the deviation from the guidelines, La.R.S. 9:315.1(B).[8]
*769 Since the stipulated judgment of June 29, 1994, was not given proper consideration by the trial court, it was error for the lower courts to rely upon this flawed judgment in denying Benita a modification of child support.

MODIFICATION OF CHILD SUPPORT: CHANGE OF CIRCUMSTANCES
Although the trial court held that Benita failed to prove a change of circumstances, the appellate court commented in its review of this case that Benita failed to prove a substantial change of circumstances. In brief to this court, Robert argued that Benita failed to show a substantial change of circumstances. It is the appellate court's inclusion of the word substantial that we now address.
La.Civ.Code art. 142 provides as follows:
An award of child support may be modified if the circumstances of the child or of either parent change and shall be terminated upon proof that it has become unnecessary. (Emphasis added).
La.R.S. 9:311 provides, in pertinent part: An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. (Emphasis added).
Despite the words utilized in the above Civil Code article and the Revised Statute, a cursory review of the appellate jurisprudence which addresses the modification of child support shows that the words "substantial change" have been engrafted and relied upon in almost all circuit courts of appeal in this state. See e.g.: Authement v. Authement, 96-1289 (La.App. 1 Cir. 5/9/97), 694 So.2d 1129; State v. Reed, 26,896 (La.App. 2 Cir. 6/21/95), 658 So.2d 774; Preis v. Preis, 93-569 (La.App. 3 Cir. 2/2/94), 631 So.2d 1349; Megison v. Megison, 94-152 (La.App. 5 Cir. 9/14/94), 642 So.2d 885, writ denied, 94-2823 (La.1/13/95), 648 So.2d 1344, reconsideration denied, 94-2823 (La.2/17/95), 650 So.2d 258. For reasons which follow, we find that this jurisprudential gloss is erroneous as a matter of law, which unduly heightens the burden for showing a change of circumstances.
"Requiring proof of change of circumstances is, in general, valid, and is useful to prevent relitigation of the same issues and to protect the finality of judgments and compromises." Aldredge, 477 So.2d at 75. However, it is important to recall that a clear and unambiguous provision of law is to be applied as written. La.Civ.Code art. 9; La.R.S. 1:4. In that light, it is evident that neither La.Civ.Code art. 142 nor La.R.S. 9:311 references the need to show that the change relied upon is substantial. As such it is clear that the Legislature has provided that the burden of proving a change in circumstances does not require proof of a substantial change. "A change of circumstances is a change material to the well-being of the child and his or her support that has occurred since the rendering of the original award." BLAKESLY, LOUISIANA FAMILY LAW, § 16.16 at 16-37 (Michie 1996). In the evaluation of these cases, there is no bright line rule as to what constitutes a change of circumstances to warrant modification.[9] Rather, as noted in Rousseau v. Rousseau, 96-502 (La.App. 3 Cir. 12/26/96), 685 So.2d 681, 682:
[T]he party asking for an increase [or decrease] need only prove a change of *770 circumstances sufficient to justify the increase [or decrease] in child support... Sometimes the change in circumstances will be substantial and sometimes not; the magnitude of the change of circumstances is peculiar to the facts of a particular case. Simply stated, the type of change in circumstance is presented and determined on a case by case basis.
The application of that rule, as so many other related matters, concerning modification of child support clearly falls within the great discretion of the trial court. Accordingly, each case will rise or fall on the peculiar facts adduced and an appellate court will not disturb the trial court's decision in these matters, absent clear abuse of discretion. Rousseau, 685 So.2d at 683.

DECREE
The lower courts erred as a matter of law in using the parties' stipulated amount of child support in the June 29, 1994 judgment, without first considering the guidelines in reviewing the adequacy of the stipulated amount, La.R.S. 9:315.1(A) and (D), and further erred by failing to give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines, La.R.S. 9:315.1(B). Further, the court of appeal erred as a matter of law in requiring Benita to show a heightened burden of substantial change of circumstances, instead of simply showing a change of circumstances as provided in La.Civ.Code art. 142 and La.R.S. 9:311. Accordingly, we reverse the lower courts' judgments. We remand this case to the trial court for expedited treatment for a determination of modification of child support consistent with the views expressed herein.
In the interim, we order Robert Stogner to continue the payment of child support as provided in the June 29, 1994, judgment of divorce. Considering the lapse of time in the present matter, we further reserve to either party the right to allege any change of circumstances within the intendment of La.Civ.Code art. 142 and La.R.S. 9:311(A) which may have arisen.
The trial court is ordered to hear this matter with preference and priority.
REVERSED AND REMANDED FOR EXPEDITED HEARING.
LEMMON, J., concurs and assigns reasons.
VICTORY, J., dissents and assigns reasons by Lemmon, J.
LEMMON, J., Concurring
I agree wholeheartedly with the majority's interpretation of La.Rev.Stat. 9:315.1. I write separately to point out that this court is not reversing the 1994 judgment which was not attacked until two years after it was rendered; rather, this court is reversing the 1997 judgment denying the 1996 motion to increase child support, although that reversal is based on the 1994 error in originally fixing child support. In setting child support on remand based on current circumstances and on the mandatory guidelines, the trial court may not make any increase retroactive beyond the 1996 filing of the motion to increase. La. Rev.Stat. 9:315.21 C.
The underlying problem in this case is the effect given to consent judgments in child support cases. Consent judgments play an important role in family law litigation. Nevertheless, a child should not be prevented, by court-made rules giving a consent judgment the same effect as a considered judgment for purposes of a rule to increase child support, from obtaining the support mandated by law simply because the domiciliary parent made an error (or succumbed to economic or other pressures) in consenting to an insufficient amount of support at the initial fixing. In my view, the burden of a domiciliary parent in obtaining an increase in child support *771 should not be as great when the amount was set by consent judgment as when the amount was set in a considered judgment. I would reconsider prior jurisprudence in the appropriate case.
VICTORY, J., dissenting.
The majority's analysis of La. R.S. 9:315.1 is fatally flawed. Subsection A states the general rule, i.e., use the guidelines in all cases. Yet, Subsection B says the court may deviate and not use the guidelines "if their application would not be in the best interest of the child or would be inequitable to the parties." Subsection B is a specific law that is an exception to the general law set out in Subsection A.
Likewise, Subsection D is another specific law that is an exception to the general law found in Subsection A. And, in my view, Subsection D means what it says: The Court may [not shall] review and may approve a stipulation between the parties. The review is clearly optional with the court. If the trial court decides to review the stipulation, he is required to consider [not "use"] the guidelines as to the adequacy of the stipulated amount. And, contrary to the majority's holding, Subsection D does not speak of deviation (as does Subsection B), thus Subsection D requires no reasons for deviation.
If the majority's holding of La. R.S. 9:315.1 is correct, I fail to understand why the Legislature passed Subsection D. Since, according to the majority, the guidelines must be used in all cases, stipulated or not, and reasons for deviation from them must be used in all cases, stipulated or not, Subsection D has no meaning.
I also dissent from the majority's dicta concerning the burden of proof required to increase/decrease child support. It is dicta since, according to the majority, the "flawed judgment" must be disregarded and child support apparently will now be set using the guidelines or a deviation from them. In any event, Ms. Stogner will not have the burden of proving either a "change of circumstances" or a "substantial change of circumstances," and the discussion of the issue is unnecessary.
Further, the majority plays with words when stating the change of circumstances need not be "substantial." Yet, the majority cites Blakesley for the change to be "material," and Rousseau v. Rousseau for the change to be "sufficient to justify" the increase or decrease. We should all agree that the trial court is given much discretion in deciding if the change proven is [great, substantial, material, or sufficient] enough to warrant an increase or decrease. Yet, the mover should be required to allege facts, which if proven, would justify a change in the child support award. If all the mover has to do is to allege facts of any change in circumstances, the trial court will be obliged to hold a hearing on all such rules and even grant an increase or decrease reflecting the change, no matter how insubstantial. Clearly, the Legislature never intended such results.
NOTES
[*] Traylor, J., not on panel. Rule IV, Part 2, § 3.
[1] There is no recitation into the record of the particular item(s) stipulated to or any pleading which memorializes that the parties entered into a stipulation. The judgment simply references the "stipulations of the parties." Since there was no hearing on the monthly amount of child support and no motion for reconsideration or new trial was urged, we must assume that the monthly amount of child support was reached by the parties' stipulation, memorialized in the judgment, and an item consented to by the parties. See Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979); Hill v. Hill, 471 So.2d 1130 (La.App. 3 Cir.1985).
[2] It is well established that an amount stipulated to in a consent judgment is a judicial admission that the recipient is entitled to that amount. Vesper v. Vesper, 469 So.2d 458 (La. App. 3 Cir.1985). A party seeking modification of a consent judgment bears the burden of proving that a modification is in order by showing a change in circumstances. Kleiser v. Kleiser, 619 So.2d 178 (La.App. 3 Cir.1993).
[3] La.R.S. 9:315.1(D) provides: "The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount, and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2."
[4] The parties have consistently acknowledged in this litigation that the stipulated amount was less than that required by the application of the guidelines. In Benita's motion for new trial, she alleged that based upon Robert's income, he would be liable for monthly child support of $1,002.70 (less the amount of medical and dental insurance for the children). However, since the worksheet referenced in the guidelines and the supporting documentation with regard to income tax returns and like matters is not in the record and Benita's allegation has not been judicially recognized, we cannot reference the exact amount of child support that the guidelines would have required for the children's best interest.
[5] Prior appellate jurisprudence has consistently repeated that the trial court may but is not required to review the adequacy of a stipulation as to child support in light of the guidelines. E.g.: State on Behalf of Taylor v. Thomas, 93-1039 (La.App. 5 Cir. 6/28/94), 639 So.2d 837 (Wicker, dissenting); Blackburn v. Blackburn, 93-930 (La.App. 5 Cir. 5/11/94), 638 So.2d 252, writ denied, 642 So.2d 1300 (La.9/23/94); Guillory, 602 So.2d 769 (La.App. 3 Cir.1992).
[6] At this juncture it is important to point out that we are not presented with a private agreement as to child support which was never recognized in a judicial proceeding. For a discussion of alimony in such a setting see Robinson v. Robinson, 561 So.2d 966 (La.App. 4 Cir.1990); Spencer v. Spencer, 472 So.2d 302 (La.App. 3 Cir.1985).
[7] Commenting on Utah's experience with stipulated amounts of child support, Susan Billings, From Guesswork to Guidelinesthe Adoption of Uniform Support Guidelines in Utah, 1989 Utah L.Rev. 859, 910, commented that "[t]he most egregious case of inequitable support orders ... involved stipulated matters."
[8] A sampling of some of the other states that have statutorily adopted child support guidelines shows that the prevailing view is that the parties' agreement as to child support cannot prevent the trial court from reviewing the stipulation for adequacy under the guidelines. Colorado R.S. Section 14-10-115(3)(b)(I) (1987 Repl.Vol. 6B); Florida Civ. Prac. & Proc. § 61.30; Illinois CS 5/505; Maine R.S. 19-A, § 200-8; Maryland FL 12-202(a)(2)(iii)1; Minnesota Statutes Annotated § 518.551, Subd. 5(a); Nevada R.S. 1225B.080; New York FCA 413(1)(h); South Dakota CL 25-7-6.10; Texas VTCA 154.123; Washington R.S. 26.19App.
[9] We note, however, that it has been consistently held since Ducote v. Ducote, 339 So.2d 835 (La.1976), that the modification may not be based entirely on cost of living increases, since generally both parties are similarly affected. "[S]ince the percentile of inflation fluctuates monthly, a court would be hard pressed to arrive at an accurate figure to reflect this factor." Id. at 838. See also Mitchell v. Mitchell, 543 So.2d 128 (La.App. 2 Cir.1989).