hAMY, Judge.
Plaintiff appealed trial court’s calculation of child support owed and its finding that he was voluntarily underemployed when determining his gross monthly income. The defendant answered the appeal requesting an increase in child support. For the following reasons, we affirm.
Factual and Procedural Background
Brian Dugger and Dana Edward Dug-ger were married in May of 1998. Two children were born of the marriage. On June 6, 2000, Mr. Dugger filed a petition for a 102 Divorce[1]. An answer and recon-ventional demand was filed by Ms. Dugger on July 6, 2000. On July 24, 2000, a rule to show cause hearing was held to determine custody, visitation, and child support for the two minor children. The parties reached agreement as to all issues except as to the amount of child support to be paid by Mr. Dugger.
The record indicates that during the marriage Mr. Dugger had been employed as a mechanic with the Louisiana National Guard. On March 5, 2000, approximately three months prior to his filing for divorce, Mr. Dugger resigned from the National Guard and began working as a mechanic for various local businesses. As a result of his job change, Mr. Dugger’s gross monthly income decreased from $3,243.00 to $1,120.00. Ms. Dugger alleged that Mr. Dugger had voluntarily underemployed | ¡.himself and thus, the court should determine his child support obligation using his previous income rather than the current lesser amount. After taking evidence on the issue, the trial court reasoned that while it did not find that Mr. Dugger intentionally changed his financial situation to avoid paying a higher amount of child support, it did find his current employment level unacceptable. The trial court determined that Mr. Dugger’s gross monthly earning potential was $1,733.00, an amount equal to Ms. Dugger’s monthly earnings. Using these amounts to calculate the total *988 monthly child support, the trial court determined that the parties were obligated to provide $1,317.00 a month, of which Mr. Dugger owed $658.50.
Mr. Dugger appealed the ruling of the trial court claiming that since the trial court determined he had not acted in bad faith in his choice to earn a lower salary, as it found he had not left the National Guard to avoid paying higher child support, it was erroneous for the trial court to consider him legally underemployed and to calculate his child support obligation upon his earning potential rather than the actual wages he earns. Ms. Dugger answered the appeal requesting that the child support payment be recalculated to include the amount of monthly income Mr. Dugger earned while employed by the National Guard.
Discussion of the Merits
Parents have a conjoint obligation to support their children in proportion to his or her resources. Stogner v. Stogner, 98-3044 (La.7/7/99); 739 So.2d 762; La. Civ.Code art. 227. In conjunction with that obligation, the legislature has provided a detailed set of guidelines that the trial courts are mandated to follow in setting the amount of child support in any proceeding brought to establish or modify Ischild support. La.R.S. 9:315 et seq. The amount of child support determined by the use of the guidelines is presumed to be in the best interest of the child. La.R.S. 9:816.1(A). However, La.R.S. 9:315.1(B), clearly provides that:
The court may deviate from the guidelines set forth in this Part if them application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
When the trial court deviates from the statutory guidelines, and properly articulates its reasons for doing so, its findings are afforded much discretion and will only be disturbed upon a finding of manifest error. Guillot v. Munn, 99-2132 (La.3/24/00); 756 So.2d 290.
In the instant matter, the trial court’s oral reasons for judgment reflect that it seriously considered Mr. Dugger’s present employment earnings and the effect it would have on his ability to support his children. The trial court stated that while it found an element of “good faith” in Mr. Dugger’s actions, it found his current employment level “unacceptable,” essentially earning a third of the monthly wages he had received while working with the National Guard three months earlier. The trial court reasoned that it would not be equitable to use Mr. Dugger’s previous salary of $3,243.00 a month to determine his child support obligation, as argued by Ms. Dugger, because that would in essence be giving her a higher amount of income than she would have received if the couple would have remained married. Likewise, the court determined that using Mr. Dug-ger’s present salary of $1,120.00, would shift all |4of the burden to Ms. Dugger to not only raise the children as domiciliary parent, but to also support them. Therefore, the trial court determined that Mr. Dugger could earn at least $1,733.00 a month, an amount equal to Ms. Dugger.
After our review of the court’s ruling, we find that the trial court sufficiently articulated its concern about Mr. Dugger’s recent choice in employment and the resulting effect it would have on his ability to *989 provide for his minor children. Although it did not find Mr. Dugger had acted in bad faith, it did determine that applying Mr. Dugger’s current income to the child support guidelines would not be in the best interest of the two children and would not be equitable for Ms. Dugger. Accordingly, we find no manifest error in the trial court’s decision to deviate from the statutory guidelines nor do we find error in its setting of the monthly child support obligation for these minor children to be $1,317.00, of which Mr. Dugger is obligated to pay $658.50.
Thus, we affirm the trial court’s ruling in all respects, finding both parties appeals to be without merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed equally between the plaintiff, Brian Dugger, and the defendant, Dana Edwards Dugger.
AFFIRMED.

. La.Civ.Code art. 102 provides in part:
Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.