Dear Mr. Reeves:
This office is in receipt of your request for reconsideration of Opinion Number 03-0208, issued to the Hon. Judge George C. Murray, Jr., on behalf of the Central Louisiana Juvenile Detention Center Authority (the "Authority"). Therein we determined that LSA-R.S.15:1105 through 1105.7 provides the Authority with the authority to rent bed space in juvenile facilities located within or without the State of Louisiana, as is "useful, necessary, expedient, or convenient" [LSA-R.S. 15:1105.4(A)] to the Authority in carrying out its plans and purposes.
Pertinently, your letter states;
 "The requested opinion involved the Central Louisiana Juvenile Detention Center Authority, LSA-R.S. 15:1105. This legislation was drafted identically to the Northwest Juvenile Detention Center Authority, LSA-R.S. 15:1097-1097.7. In my opinion the Opinion of Assistant Attorney General Barham violates the purpose and intention of the legislation in question.
 In LSA-R.S. 15:1097.4 as well as LSA-R.S. 15:1105.4, (A) appears to not give the Authority the legal ability to rent anything. This statute very clearly states what the board may do. It may lease (this might be strong enough to include `rent') `facilities
as are useful, necessary, expedient or convenient to carry out the plans and purposes of the commission for orderly conduct of its business' (Emphasis supplied) According to the language in the statute, there is no way that `bed space' can be interpreted as a facility.
 These Authorities could rent facilities that had bed space, but to simply rent bed space is not within the purview of the statutes. Therefore, I would respectfully request that Opinion Number 03-0208 be reconsidered."
Respectfully, we must advise that it remains the opinion of this office that the Authority has the authority to "rent" appropriate bed space in juvenile facilities located within or without the State of Louisiana.
With regard to use of the term "rent", the term is often used colloquially in a manner synonymous with the term lease, and we note that the definition of lease is "a contract by which one conveys real estate, equipment or facilities for a specified term and for a specified rent; also: the act of such conveyance or the term for which it is made."[1]
(Emphasis added). With regard to the use of the term "facilities", we note that the definition of "facility" provides: "something that makes an action, operation, or course of conduct easier — usually used in the plural facilities for study"[2] In accordance with this definition, it seems clear to us that available juvenile "bed space" in appropriate juvenile facilities is something that makes the operation of providing juvenile housing and services easier.
Based upon the foregoing, it is our opinion that the authority to "lease facilities", as granted in LSA-R.S. 15:1105.2, properly includes the authority to "rent bed space", in appropriate juvenile detention or juvenile justice facilities. Although unstated in Opinion No. 03-0208, we assume that along with securing such "bed space", the Authority will also secure, or make arrangements to provide, proper and appropriate juvenile services in connection therewith.
In addition to the authority granted the Authority in LSA-R.S. 15:1105.2, we also call your attention to very broad authority granted the Authority in LSA-R.S. 15:1105.5, which provides in pertinent part: "The board generally may perform any function and exercise any power necessary, requisite, or proper for the administration and management of the affairs of the commission ". As noted in your request, the provisions of LSA-R.S. 15:1105-1105.7, pertaining to the Authority, are virtually identical to the statutes found at LSA-R.S. 15:1097-1097.7, which pertain to the Ware Youth Center Authority, formerly known as the Northwest Louisiana Juvenile Detention Facility Authority.
In examining LSA-R.S. 15:1097.5, a provision identical to LSA-R.S.15:1105.5, this office previously determined that a broad statement of power such as that found in LSA-R.S. 15:1097.5 and 15:1105.5 provides an authority with the discretion to contract for "any service" that the Authority determines to be helpful to its "administration and management". Attorney General's Opinion No. 89-418. It is our opinion that in addition to the authority provided in LSA-15:1105.4, the broad grant of authority provided to the Authority in LSA-R.S. 15:1105.5
provides the Authority with the discretion to contract for bed space at appropriate juvenile centers and facilities.
You have also requested the opinion of this office regarding the reappointment of board members, as the term of the Authority's original board of commissioners has now expired. In this regard, your letter states:
 "It would appear to me that the only possible way [to appoint a new board] would be to follow the provisions of LSA-R.S. 15:1105.1 and have a new board of commissioners appointed in accordance with said statute. Of course, the present board would need to continue to operate until said appointments were made. I would like an Opinion as to whether or not this would be the correct procedure to follow."
As we discussed by phone, it appears that the procedures set forth in LSA-R.S. 15:1105.1 are the correct, and indeed the only, procedures set forth with regard to the appointment of the Authority's commission. In our opinion, the procedures set forth in LSA-R.S. 15:1105.1 are the procedures which must be followed for the appointment of the Authority's commission.
With respect to the appointment of commissioners, LSA-R.S. 15:1105.1
provides, in pertinent part:
 "The commission shall be composed of a board of seven commissioners. There shall be one commissioner appointed from each of the seven parishes within the territory of the authority and each shall be a qualified elector and domiciled in the parish in which he is appointed. They shall be appointed for terms of four years, as follows:
 Two commissioners shall be appointed by the judges exercising juvenile jurisdiction within the participating parishes.
 Two commissioners shall be appointed by the sheriffs of the participating parishes.
 One commissioner shall be appointed by the chiefs of police of municipalities within the participating parishes.
 Two commissioners shall be appointed by the district attorneys with the jurisdiction in the participating parishes."
In accordance with LSA-R.S. 15:1105.1, the board shall be composed of seven members, each of which must be a qualified elector and domiciliary, as well as the sole representative of the parish from which he is appointed. Additionally, LSA-R.S. 15:1105.1 requires that two of the members shall be elected by the juvenile judges within the parishes, two by the sheriffs within the parishes, one by the municipal police chiefs within the parishes and two by the district attorneys within the parishes.
LSA-R.S. 15:1105.1 does not require the judges to appoint only judges, or the sheriffs to appoint only sheriffs, etc., only that the members so appointed by the judges or sheriffs be qualified electors and domicilliaries. In order for the Commission to be legally constituted, however, LSA-R.S. 15:1105.1 requires, in addition to being appointed by the judges, sheriffs, police chiefs, etc., that each member must represent a different parish within the territory of the Authority.
In reaching our determination herein, we are guided by the following rules of statutory construction: Words and phrases shall be read with their context and shall be construed according to the common and approved usage of language. LSA-R.S. 1.3. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. Art 10. Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C.13. Meaning and intent of law is determined by consideration of the law in its entirety and consideration of all other laws on the same subject matter, and a construction should be placed upon the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Stogner v. Stogner,739 So.2d 762 (La. 1999). In interpreting one part or section of an act, the part or section should be interpreted in connection with the rest of the act, and if applicable, in connection with other laws on the same subject matter. Kewaunee Scientific Corp. v. Charles Ragusa Son, Inc. 732 So.2d 470 (La.App. 1st Cir. 1998).
We trust the foregoing to be helpful. Please do not hesitate to contact this office if we can be of further assistance to you, or to the Authority in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Received:
Date Released: October 2, 2003
[1] Merriam-Webster Dictionary, www.m-w.com.)
[2] Merriam-Webster Dictionary, www.m-w.com.)