Dear Representative Hammett:
Reference is made to your recent request for an opinion of this office relative to LSA-R.S. 11:416A(3)(b), which pertains to the employment of state retirees. Specifically, you have advised the undersigned that you are interested in determining whether a current state employee who has been a participant in the Deferred Retirement Option Plan ("DROP") of the Louisiana State Employees Retirement System ("LASERS") for over a year, is eligible for appointment to an unclassified position by the governor, without a suspension or reduction of retirement benefits. Pertinently, LSA-R.S. 11:416A provides:
 "A. Regardless of age, if a retiree of the system is engaged or hereafter engages in employment which otherwise would render him eligible for membership in the system, he shall choose one of the following irrevocable options:
* * *
 (3)(a) Option 3. The retiree may request immediate suspension of his benefit and become a member of the system, effective on the first day of reemployment
 (b) Notwithstanding the provisions of this Section or any other provision of law to the contrary, any retiree of the system who has at least thirty years of service credited to his account, has been retired for at least one year, is eligible to receive his full retirement benefits, and has been appointed by the governor to fill an unclassified civil service position shall be exempt from any increase, suspension or reduction of benefits received from this system as the result of reemployment." (Emphasis added).
Clearly, in order to take advantage of the provisions of LSA-R.S.11:416A(3)(b) and avoid a reduction or suspension of retirement benefits, a member of LASERS must be "retired for at least a year" at the time of his appointment by the governor. Essentially, as we have discussed, your request requires this office to determine whether DROP participants are considered to be "retired". We therefore turn to LSA-R.S. 11:447, et seq., which established and pertains to DROP, and note the following pertinent provisions:
 "In lieu of terminating employment and accepting a retirement allowance, any member of this system who is eligible for regular retirement may elect to participate in the Deferred Retirement Option Plan subject to the provisions of R.S. 11:447 through 454." LSA-R.S. 11:447A. (Emphasis added).
 "Upon the effective date of commencement of participation in the plan and during the period of participation in the plan, neither the employee nor the employer contributions shall be payable, and the participant in the plan shall be considered as a Deferred Retirement Option Plan participant, and except as provided in R.S. 11:447 through 454, the Deferred Retirement Option Plan participant shall be treated as a member of the system." LSA-R.S. 11:448A. (Emphasis added).
 "Upon termination of participation in the plan but not employment
* * *
 If a participant dies, whether still participating in the Deferred Retirement Option Plan or after participation but while still employed "
* * *
 If the participant continues employment after termination of participation in the plan LSA-R.S. 11:450. (Emphasis added).
The above quoted provisions of law, particularly the provisions of LSA-R.S. 11:448A, indicate that a LASERS member who participates in DROP is considered to be a "participant" in the DROP plan, as opposed to a `retiree'. Such a member continues, rather than ceases active state employment, and is considered to have "deferred" retirement, not as being "retired". This interpretation of the status of DROP participants as active, as opposed to `retired' participants, is consistent with colloquially defined use of the words "retire" and "retirement". In accordance with Merriam-Webster Online Dictionary at www.m-w.com, the word "retire" is defined to mean "to withdraw from one's position or occupation: conclude one's working or professional career", and the word "retirement" is defined as "withdrawal from one's position or occupation or from active working life".
We are aware, and note for your attention, that as the DROP provisions were originally enacted, a DROP participant was considered to be in a `retired status' by LASERS.[1] However, as we interpret the above-quoted current provisions of law pertaining to DROP, referring to DROP participants as "retired" would be incorrect[2].
It is the opinion of this office that a current state employee who is a DROP participant cannot be considered to be retired. If appointed to an unclassified position by the governor such an employee, not having been "retired for at least one year", will not be able to take advantage of the provisions of LSA-R.S.11:416A(3)(b), and will not be exempt from increases, suspensions or reductions of retirement benefits received from LASERS.
In reaching our determination herein, we were guided by the following rules of statutory construction: Legislation is a solemn expression of legislative will. LSA-C.C. Art. 2. Words and phrases shall be read with their context and shall be construed according to the common and approved usage of language.LSA-R.S. 1.3. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. Art 10. Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. 13. Meaning and intent of law is determined by consideration of the law in its entirety and consideration of all other laws on the same subject matter, and a construction should be placed upon the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Stogner v. Stogner,739 So.2d 762 (La. 1999).
We trust the foregoing to be of assistance.
Yours very truly,
CHARLES C. FOTI, JR.
Attorney General
BY: ________________________________
JEANNE-MARIE ZERINGUE BARHAM
Assistant Attorney General
CCF, jr./JMZB/dam
[1] See: Act No. 14 of the 1990 Regular Session, which enacted LSA-R.S. 42:578.1 through 578.5. (LSA-R.S. 42:578.1 through 578 was redesignated as LSA-R.S. 11:447, et seq., in accordance with Act No. 74 of 1991 Regular Session). See also: Karno v. Trusteesof the Louisiana State Employees Retirement System, 757 So.2d 696
(La.App. 1 Cir. 1999), writ denied, 754 So.2d 936 (La. 2000).
[2] See: Act No. 308 of the 2001 Regular Session which amended and reenacted LSA-R.S. 11:448A.