| ^OWNING, J.,
concurs and assigns reasons.
I concur in the result. The terms of the judgment itself suggest that LAB would not face contempt proceedings if he attempted to communicate with his child during the prohibited two-year period. Rather, his apparent penalty would be the resumption of child support payments. He clearly chose nonpayment of child support over communication with his child. Saving money cannot constitute “just cause” for failing to visit or communicate with his child.
I disagree with the opinion, however, in its sweeping language rejecting outright any claim that compliance with a consent judgment cannot provide just cause pursuant to La. Ch.C. art. 1245(C)(2).
Properly confected consent decrees affecting child support are enforceable. In Richardson v. Richardson, 02-2415 (La.App. 1 Cir. 7/9/03), 859 So.2d 81, we held that a consent waiver of the ability to modify child support would be enforced unless the agreement was contrary to the child’s best interest or in derogation of the public order. In Stogner v. Stogner, 98-3044, p. 9 (La.1999), 739 So.2d 762, 768, the Louisiana Supreme Court specifically declined to abrogate “that body of law which has recognized that a consent (stipulated) judgment is by its nature a bilateral agreement between the parties wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss.” Therefore, once a consent decree | 3is properly confected, a party may no longer have control over the contents and may be subject to contempt proceedings if he or she fails to comply.
Stogner now controls consent decrees for child support. Stogner instructs us that La R.S. 9:315.1D provides a two-step process for the trial court to follow in initially approving stipulated child support judgments. First, upon presentation, it may review and approve or categorically reject stipulated provisions relating to child support. Stogner, 98-3044 at p. 8, 739 So.2d at 767. Second, if it does not reject the stipulation in favor of the child support guidelines, the trial court must “ ‘consider the guidelines ... to review the adequacy of the stipulated amount.’ ” Id.
Under Stogner, it appears the trial court perhaps should never have signed the consent judgment. I disagree with the assertion, however, that compliance with a consent decree, which is a valid order of a court until vacated, can never constitute just cause for failure to visit, communicate or attempt to communicate with a child. Noncompliance with a court order is grounds for contempt. And there may be circumstances in which court ordered non-communication with a child for extended periods might be justified. Such rulings should be on a case-by-case basis by the trial court.
*688 Accordingly, a properly confected consent decree where custodial rights are preserved could be enforceable, and compliance with a judicial decree could constitute just cause for not visiting or communicating with a child.
Additionally, while a parent may file a motion to amend custody at any time, he or she has the burden of showing both a change in circumstance materially affecting the welfare of the child and that the change is in the best interest of the child. R.J. v. M.J., 03-2676, p. 6 (La.App. 1 Cir. 5/14/04), 880 So.2d 20, 25. So it seems a facile argument to suggest that a parent can change a court ordered custody arrangement at any time.
Even so, I agree that LAB’s consent to the adoption is unnecessary under the facts before us and that the adoption is in the best interest of the child. Accordingly, I concur in the result.