| .WHIPPLE, Judge.
This appeal by Mr. Verges arises from a judgment of the trial court ordering Mr. Verges to “arrange for his bank to direct deposit the required amount of child support/arrearage owed on the first and fifteenth of each month, to the account specified and revealed to him by Donna S. Verges.” For the following reasons, we affirm.
DISCUSSION
The background facts of this case are fully set forth in this court’s opinion, also rendered this date, in a companion case in which Mr. Verges challenges the trial court’s calculation of his child support obligation. Verges v. Verges, 2001-0208 (La.App. 1st Cir.3/28/02), 815 So.2d 356.
On October 17, 2000, Mrs. Verges filed a rule for contempt and for other relief wherein she requested, among other things, that child support payments be made directly into her bank account due to the “difficulty in getting child support payments timely.” Aside from the direct deposit issue, all other issues in the rule for contempt were settled prior to trial. The parties agreed to submit the direct deposit issue to the trial court on the basis of their affidavits.
In the affidavits, each party acknowledges that Mr. Verges initially made child support payments via direct deposit into Mrs. Verges’ bank account. However, at some point in these protracted proceedings, Mr. Verges discontinued this method of payment and thereafter, made his payments via certified mail. Mrs. Verges claims that the certified mail method causes problems in that it necessitates that she be at home until the payment arrives in order to sign for the delivery, or that she make alternative arrangements for someone else to stay at her home to sign *55 for the delivery on her behalf. Mrs. Verges claims that because the payments are sent via certified mail, she does not receive the payments until three to five days after they are due, causing her much anxiety and stress each month. Mrs. ^Verges further cites an incident wherein the October 1, 2000 payment was not received until December 8, 2000.
On appeal, Mr. Verges complains that the trial court’s order creates a huge inconvenience for him. However, we note that at the time the rules were filed, Mr. Verges and Mrs. Verges banked at the same bank, which was located in the parking lot of an office building owned by Mr. Verges. Nonetheless, without submitting any supporting evidence, Mr. Verges presents a somewhat strained discussion of the differences between an “income assignment,” an “automatic draft,” and a “direct deposit,” contending that the “procedure ordered by the Court is not authorized by any positive legislative enactment, nor is there any precedence in the jurisprudence for such an order.” In requesting relief from this court, Mr. Verges then interprets the trial court’s order that he “arrange for his bank to direct deposit” the funds each month as requiring that he manually or physically go to the bank each month and deposit the funds into Mrs. Verges’ bank account. Although he presents no evidence in the record to show this is mandated by the trial court’s order, he nonetheless contends the court’s ruling could be read as so requiring, and accordingly, assigns error to the court’s ruling. On review, we find no error by the trial court.
The res nova issue before us is whether a trial court can order the payor of child support to directly deposit child support payments into the payee’s bank account. The parties do not dispute and, in fact, acknowledge in brief the absence of any statutory or jurisprudential authority supporting or prohibiting the direction of this method for payment of a support obligation.
While we acknowledge that the legislature has provided a statutory scheme and procedure for employers to pay the child support obligations of their 14employees via an income assignment order,[1] we do not construe the enactment of this procedure as being the sole method of payment to be ordered to the exclusion of other payment alternatives, or as establishing a precedent that other court-ordered alternative methods of payment be codified to have lawful effect.
The trial court has an integral role as gatekeeper in the area of child support. Stogner v. Stogner, 98-8044, p. 9 (La.7/7/99), 739 So.2d 762, 768. Considering the special medical needs of the child herein, the attendant facts and circumstances giving rise to the rule filed herein, including the acrimony between the parties, and taking the child’s best interest into consideration, we find no error in the court’s decision to order that Mr. Verges, as payor, arrange to have the child support payments directly deposited into Mrs. Verges’ bank account. In fact, we are unpersuaded by his argument that this method of payment is unduly burdensome or restrictive for Mr. Verges in comparison to his earlier method of sending payment via certified mail.
In its reasons for judgment, the trial court stated:
Mr. Verges objects to the direct deposit of his checks into his ex-wife’s bank account on the assigned dates on the grounds that he then would be doing her “banking for her.” He states that *56 he has not post-dated or back-dated checks, and that Mrs. Verges has never called him to “beg that payments be sent.” He maintains that he resorted to certified mail to prove that the checks were mailed in a timely fashion.
Apparently, Mr. Verges originally paid by direct deposit, some six years ago and before the divorce. However, the retroactivity of the order to September 1, 1999 gave Mr. Verges an accumulation of almost forty thousand dollars in arrearage, which is being paid in installments of $8,315.66 monthly for twelve months. On September 1, 2001, the child support obligation will then assume its normal assessment of $5,124.00 per month.
Courtney Verges is a severely handicapped child with both Down’s Syndrome and heart problems. As she will always require daily special care and supervision, it is essential that child support Ispayments be made in a timely fashion. There has been a history of problems with child support, both in the setting of the amount and in the payment.
This Court does not find that Mr. Verges would suffer an undue burden to order his bank to direct deposit the required amount from his bank account to that of his ex-wife. They both have accounts at the same bank, and such an arrangement should be simple to make. In that manner there will be no allegations about late payments, or no payments, or timely mailings, or certified mail delays.
Absent any evidence that it is impossible, highly impractical, or unduly burdensome for - Mr. Verges to follow through with the trial court’s order, we find no basis in the record to disturb the trial court’s ruling given its role in this area of paramount importance. See Stogner, 98-3044 at p. 9, 739 So.2d at 768. Accordingly, we find no merit to this appeal. Moreover, even assuming arguendo that the trial court’s order could be read as requiring him to manually make the deposits and to “do her banking for her,” we find no error herein, considering the facts and circumstances giving rise to the court’s order, including the child’s profound medical problems, daily care needs, and the articulated need for timely payment and receipt of child support funds.
CONCLUSION
For the above and foregoing reasons, the February 8, 2001 judgment of the trial court is affirmed. Costs of this matter are assessed to appellant, Wade T. Verges.
AFFIRMED.
GUIDRY, J., concurs.

. See Louisiana Revised Statutes 9:303.