STATE OF LOUISIANA O/B/O DEBRA GROOM,
v.
AUBREY HAUER.
No. 2009 CA 1590.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
RICHARD J. WARD, JR., STEPHEN MARIONNEAUX, ELIZABETH A. ENGOLIO, Plaquemine, LA, Counsel for Plaintiffs/Appellants, State of Louisiana o/b/o Debra Groom.
A. GREGORY ROME, Baton Rouge, LA, Counsel for Defendant/Appellee, Aubrey Hauer.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WHIPPLE, J.
This matter is before us on appeal by the State of Louisiana on behalf of Debra Groom from a judgment of the trial court denying a rule to increase child support. For the following reasons, we reverse and render.

FACTS AND PROCEDURAL HISTORY
On August 3, 2005, defendant, Aubrey Hauer, entered into a "Stipulated Agreement of Support and Admission of Paternity" in Wilkinson County, Mississippi, wherein he agreed to pay the sum of $545.00 per month in child support and stipulated to his paternity of the minor child, D. G. On May 16,2007, the Mississippi order was made executory in Louisiana and payable through the State of Louisiana, Department of Social Services, Office of Family Support, Support Enforcement Services on behalf of Debra Groom (hereinafter "the State"), the mother and custodial parent of the minor child.
On November 6, 2008, the State filed a rule to increase the child support award, averring that a change in circumstances had occurred in that Hauer had obtained an increase in income since the establishment of the initial award of child support in August 2005. The State also requested therein that Hauer be ordered to produce copies of all check stubs, income statements, regular pay checks, bonuses, rentals, and receipts for work done for the year 2007 and thereafter. The trial court set the matter for hearing on March 6, 2009, and ordered that Hauer produce the documentation requested by the State.
At the hearing, the State called Sharonda McKnight, the Support Enforcement representative to testify. McKnight testified that after considering the gross income of both parents as provided by the Louisiana Department of Labor, and computing it in accordance with the statutory guidelines, LSA-R.S. 9:315, et seq., the child support award should be increased to $980.96. At the conclusion of the hearing, however, the trial court denied the rule to increase, finding that the State had not proven by a preponderance of the evidence that the child support award should be increased because the State's evidence and request for an increase had not taken into consideration any potential credits due Hauer. A written judgment dismissing the State's rule to increase was signed by the trial court on April 8, 2009. On April 9, 2009, the State filed a motion for new trial, which was also denied by the trial court.
The State then filed the instant appeal, contending that the trial court erred in: (I) denying an increase in the child support award when the court was provided with admissible information from the Department of Labor through the Office of Child Support Enforcement; (2) improperly burdening the State with the obligation of providing expense figures and credits in favor of Hauer to be deducted from the child support obligation; and (3) denying the State's motion for new trial.

DISCUSSION
Louisiana Civil Code article 142 provides for modification of an award of child support upon a showing of a change in circumstances of either the parent or the child. Louisiana Revised Statutes 9:311(A)(1) provides that "[a]n award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award."
A party seeking modification of a child support award bears the burden of proving that a change in circumstances has occurred. State, Department of Social Services, Support Enforcement Services v. Taylor, 2000-2048 (La. App. 1st Cir. 2/15/02), 807 So. 2d 1156, 1161. However, once the moving party proves a change in circumstances, a presumption exists that the support obligation must be modified. The burden then shifts to the opposing party to disprove the change or otherwise overcome the presumption. Hudnall v. Hudnall XXXX-XXXX (La. App. 1st Cir. 5/11/01), 808 So. 2d 641, 644. The party seeking modification need not prove a substantial change in circumstances, but only a change sufficient to justify an increase or decrease in child support. Stogner v. Stogner, 98-3044 (La. 7/7/99), 739 So. 2d 762, 769-770. What constitutes such a change in circumstances is determined on a case-by-case basis and depends on the particular facts adduced. Hudnall v. Hudnall, 808 So. 2d at 644. However, in cases where the State is providing support enforcement services, as in the instant case, a change in circumstances is deemed to exist only when a strict application of the guidelines would result in at least a twenty-five percent change in the existing child support award. See LSA-R.S. 9:311(C)(1); State, Department of Social Services, Support Enforcement Services v. Taylor, 807 So. 2d at 1161.

Assignments of Error Numbers One and Two
In these assignments of error, the State contends that the trial court erred in denying the rule to increase by erroneously placing the burden upon the State of disproving the presumption that the support obligation should be modified after the State had met its burden of proving a sufficient change in circumstances. Specifically, the State notes: (1) that the party seeking a credit has the burden of establishing with evidence that the proper credit be applied to the award and (2) that Hauer presented no evidence whatsoever herein to either refute the figures provided by the Department of Labor as to his income or to establish that he was entitled to any particular credits.
In response, Hauer argues that his reported income erroneously included overtime pay and that proper credits for medical insurance were not applied to the recommended child support award. He contends that the State had the burden to subpoena his employer to determine the amount of his income attributable to overtime and the amount of any credit due for his providing health insurance. Hauer argues that because the State failed to do so, the State failed to carry its burden of proving that Groom was entitled to an increase in child support.
We disagree. On review, the record reveals that in August of 2005, Hauer initially agreed to pay the sum of $545.00 per month in child support. When that award was set, Hauer conceded that his adjusted gross income was $4,136.00 per month. Approximately three years later, in November of 2008, the State alleged in its rule to increase that there had been a change in circumstances such that even under the mandated strict application of the guidelines, Hauer's increased income warranted at least a twenty-five percent change in the existing child support award. Thus, after calculating the award in accordance with the statutory guidelines and utilizing the parties' gross income as reported to the Louisiana Department of Labor and established at trial, the State established that the award should be increased in accordance with the child support obligation worksheet to the amount of $980.96 per month.[1]
Upon this showing by the State that a change in circumstances had occurred, a presumption that the support obligation must be modified was created, and the burden then shifted to Hauer to disprove the change or otherwise overcome the presumption and to establish any credits in his favor. See Hudnall v. Hudnall, 808 So. 2d at 644. However, Hauer failed to do so. At trial, Ms. McKnight testified that the State normally takes into consideration certain credits or adjustments such as medical insurance or extraordinary expenses. She further testified that she asked Hauer to submit documentation concerning medical insurance costs for the minor child. Despite this request, however, Hauer failed to provide or introduce any evidence to justify an adjustment or the amount, if any, of credit purportedly due in his favor against the award.
Pursuant to LSA-R.S. 9:315.2(A):
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-l and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party.
The record is also devoid of any type of verified income statement submitted by Hauer or his counsel in accordance with LSA-R.S. 9:315.2(A). Instead, the only information presented at trial concerning Hauer's income was the information presented by the State, he., his reported earnings to the Louisiana Department of Labor.
With reference to Hauer's argument that the income figures provided by the Louisiana Department of Labor should be rejected as inaccurate, we note that pursuant to LSA-R.S. 13:3712.1, "whenever a copy of a self-authenticating report from the Department of Labor, or from any state or federal reporting agency, is offered in evidence in any child or spousal support proceeding, it shall be received by the court as prima facie proof of its contents." Here, Hauer has offered nothing else for the court to consider. Moreover, LSA-C.E. art. 902, concerning self-authentication of documents provides, in part, as follows:
Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
* * * *
(10) Labor reports. A copy of a report from the Louisiana Workforce Commission, or from any state or federal reporting agency, which is in the possession of a field officer of the support enforcement services program, office of family support, Department of Social Services, introduced as evidence in any child or spousal support proceeding. "Field officer" means any person designated or authorized as a field officer pursuant to the provisions of R.S. 46:236.1(K).
Accordingly, we find the income figures presented by the State from the Louisiana Department of Labor were admissible in these proceedings. Moreover, even if Hauer were entitled to some form of credit or adjustment, because he failed to present any evidence to establish same, the trial court had no authority to deviate from the guidelines. See Jones v. Rodrigue, XXXX-XXXX, XXXX-XXXX (La. App. 1st Cir. 11/3/00), 771 So. 2d 275, 280.
In sum, once the State showed that a change in circumstances had occurred in that Hauer's income had increased significantly, a presumption that the support obligation must be modified was created, and the burden then shifted to Hauer  and not the State  to disprove the change or otherwise overcome the presumption by establishing any credits due. Here, Hauer failed to meet his burden of proof, and the trial court erred in charging the State with Hauer's burden of proof. Finding merit to these assignments of error, we conclude that the trial court erred in denying the State's rule to increase the child support award and hereby render judgment increasing the child support award to the amount of $980.96 per month, retroactive to November 6, 2008, the date of the filing of the State's rule, as supported by the record in this matter.

Assignment of Error Number Three
In its third assignment of error, the State contends that the trial court erred in denying its motion for new trial.[2] Considering our resolution of the State's first two assignments of error, we pretermit discussion of this assignment of error as moot.

CONCLUSION
For the above and foregoing reasons, the April 8, 2009 judgment of the trial court is reversed. The State's rule to increase child support is hereby granted and the child support award is hereby increased to $980.96, retroactive to November 6, 2008. All costs of this appeal are assessed against the defendant/appellee, Aubrey Hauer.
REVERSED AND RENDERED.
NOTES
[1] Hauer's reported income had increased to $7,366.00 per month, while Groom' reported income was $1,135.00.
[2] We note that although the denial of a motion for new trial is generally a non-appealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. Bailey v. Robert V. Neuhoff Limited Partnership, 95-0616 (La. App. 1st Cir. 11/9/95), 665 So. 2d 16, 18, writ denied, 95-2962 (La 2/9/96) 667 So. 2d 534."