NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0931

STATE OF LOUISIANA IN THE INTEREST OF
SHALEQUE WASHINGTON

VERSUS

TRAMOND BOURGEOIS

Judgment Rendered: **MAR 0 8 2023**

Appealed from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket No. 2021-0000897

The Honorable Jeffery T. Oglesbee, Judge Presiding

Scott Perrilloux
District Attorney
Cassandra Butler
Assistant District Attorney
Amite, Louisiana

Counsel for Plaintiff/Appellee,
State of Louisiana

Emily Guidry
Ponchatoula, Louisiana

Counsel for Defendant/Appellant,
Tramond Bourgeois

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

Wolfe, J. Concurs.

Emily P. Concurs.

**MILLER, J.**

In this child support enforcement proceeding, Tramond Bourgeois ("Mr. Bourgeois") appeals a judgment ordering him to pay child support and arrearages. For the following reasons, we vacate and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On March 31, 2021, the State of Louisiana, Department of Children and Family Services ("State"), filed a Rule to Show Cause alleging that Mr. Bourgeois is the father of the minor child, T.B. The rule prayed for Mr. Bourgeois to show cause why he should not be ordered to pay child support, daycare expenses, medical and dental coverage, and extracurricular expenses for the minor child; pay an administrative fee; and pay all costs of the proceedings. A hearing was held on May 13, 2022. Mr. Bourgeois was served through domiciliary service, but he failed to appear at the hearing.

The minor child's mother, Shaleque Washington ("Ms. Washington"), was present at the hearing. Ms. Washington testified that she works at Burger King, makes $10.25 per hour, and works thirty-two hours per week. When asked about Mr. Bourgeois's work, Ms. Washington stated that he is an HVAC technician and owns his own air conditioning business. During the hearing, the State introduced the child support obligation worksheet, with the Louisiana Occupational Employment and Wages from the Louisiana Workforce Commission for 2017 ("wage survey") attached, and a copy of the minor child's birth certificate. Using the wage survey, the State asked the trial court to set child support at $695.80 per month and medical at $20.00 per month, retroactive to March 30, 2021.

Based on Ms. Washington's testimony and the State's evidence, the hearing officer recommended: (1) that Mr. Bourgeois be ordered to pay support of $695.80 per month, plus the administrative fee of five percent thereof, payable on the thirtieth day of each month through Support Enforcement Services effective March

2

30, 2021; (2) that Mr. Bourgeois be ordered to pay $25.00 per month towards the arrearage resulting from the retroactivity of the order, plus the administrative fee of five percent thereof, commencing with the next support payment; (3) that an immediate income assignment be ordered; (4) that Mr. Bourgeois be ordered to obtain medical insurance for the minor child if it is available through his employment at a reasonable cost; (5) that Mr. Bourgeois pay a cash medical support order of $20.00 per month, until such time as the child has private medical insurance; (6) if the child is covered by private medical insurance, Mr. Bourgeois shall be responsible for seventy-two percent of all extraordinary medical or dental costs incurred on behalf of the child; and (7) that Mr. Bourgeois be cast with all court costs associated with the matter. The hearing officer signed this recommendation on May 13, 2022. On June 7, 2022, the trial court ordered that the recommendations of the hearing officer were approved and decreed to be a judgment of the trial court. It is from this judgment that Mr. Bourgeois appeals.

## ASSIGNMENT OF ERROR

Mr. Bourgeois contends that the trial court erred when it adopted the hearing officer's recommendation regarding child support using a wage survey to impute Mr. Bourgeois's income as a heating and air conditioning employee rather than a verified income statement or proof of income from either party.

## DISCUSSION

The determination or modification of child support is governed by the guidelines contained in La. R.S. 9:315, et seq. The trial court has great discretion in establishing and modifying child support awards. Stogner v. Stogner, 98-3044 (La. 7/7/99), 739 So. 2d 762, 770. A trial court's determination of the monthly gross income of a parent and the parents' credibility is subject to a manifest error standard of review. Bell v. Jackson, 2018-1075 (La. App. 1st Cir. 5/31/19), 278 So. 3d 382, 385. Accordingly, an appellate court will not disturb a child support order

3

unless there is an abuse of discretion or manifest error. <u>State in Interest of Michelli</u> <u>v. Michelli</u>, 2020-1171 (La. App. 1st Cir. 4/16/21), 323 So. 3d 870, 874.

Mr. Bourgeois asserts that the trial court erred in awarding child support because neither party provided a verified income statement or proof of income. Louisiana Revised Statutes 9:315(A) provides, in part:

> [C]hild support is a continuous obligation of both parents, children are entitled to share in the current income of both parents, and children should not be the economic victims of divorce or out-of-wedlock birth. The economic data underlying these guidelines . . . and the guideline calculations attempt to simulate the percentage of parental net income that is spent on children in intact families incorporating a consideration of the expenses of the parties, such as federal and state taxes and FICA taxes. While the legislature acknowledges that the expenditures of two-household divorced, separated, or non-formed families are different from intact family households, it is very important that the children of this state not be forced to live in poverty because of family disruption and that they be afforded the same opportunities available to children in intact families, consisting of parents with similar financial means to those of their own parents.

Here, because Mr. Bourgeois failed to appear at the hearing or provide any documentation of his income as required by La. R.S. 9:315.2, the State sought to impute income to Mr. Bourgeois. Pursuant to La. R.S. 9:315.1.1(B), "[w]hen the income of an obligor cannot be sufficiently established, evidence of wage and earnings surveys distributed by government agencies for the purpose of attributing income to the obligor is admissible." Regarding Mr. Bourgeois's income, Ms. Washington testified at the hearing that Mr. Bourgeois is an HVAC technician and owns his own air conditioning business. The State arrived at a figure of $48,274.00 as an average yearly wage for heating, air conditioning, and refrigeration mechanics and installers pursuant to the wage survey. To establish the gross income[1] amount, the State introduced the child support obligation worksheet with

---

[1] Under La. R.S. 9:315(C)(3), "gross income" means:

the wage survey attached and a copy of the minor child's birth certificate. The State contended that Mr. Bourgeois's monthly gross income was $4,023.00, based on the wage survey.

Pursuant to La. R.S. 13:3712.1, "whenever a copy of a self-authenticating report from the Louisiana Workforce Commission, or from any state or federal reporting agency, is offered in evidence in any child or spousal support proceeding, it shall be received by the court as prima facie proof of its contents." In the instant case, the appropriate documentation needed to establish or properly impute income to Mr. Bourgeois was introduced. Mr. Bourgeois seeks to use his failure to appear to his benefit. He argues that because he did not appear with the documentation required by La. R.S. 9:315.2(A), the calculation of his income based upon the labor guide was manifest error. Mindful of the important policy considerations associated with the setting of child support, an obligor parent should not be allowed to benefit from their recalcitrance. Thus, because the record contains evidence as authorized by La. R.S. 9:315.1.1(B) and La. R.S. 13:3712.1 to support the imputation of income to Mr. Bourgeois, the calculation of Mr. Bourgeois's income was within the trial court's discretion.

---

(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;

(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and

(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.

5

Regarding the determination of her income and expenses, Ms. Washington testified at the hearing that she works at Burger King, makes $10.25 per hour, and works thirty-two hours per week. However, the record before us is devoid of any of the supporting documentation required by La. R.S. 9:315.2. Documentation is essential to the setting of child support. Carr v. Gibbens, 2015-0701 (La. App. 1st Cir. 9/18/15), 2015 WL 5515906, *7 (unpublished). Louisiana Revised Statutes 9:315.2(A) is clear in its mandate of essential documentation and provides:

> Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.

Although Ms. Washington did not provide pay stubs, tax papers, or other documentation, she did testify under oath regarding her income. It was within the trial court's discretion to accept her sworn testimony as to her income. However, she did not testify under oath as to any other matter associated with her expenses, including daycare. Further, she did not provide any documentary evidence pertaining to daycare, as is needed to calculate the net child care costs. Taken together, the evidence presented by Ms. Washington is insufficient to set child support. Accordingly, we vacate the judgment and remand to the trial court for the submission of the required documentary evidence and the proper calculation of the parties' respective child support obligations.

## CONCLUSION

The judgment of the Twenty-First Judicial District Court in favor of the appellee, State of Louisiana in the Interest of Shaleque Washington, and against

the appellant, Tramond Bourgeois, is vacated and this matter is remanded for further proceedings. Costs of this appeal, in the amount of $778.00, are assessed to the State of Louisiana, Department of Children and Family Services.

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**