594 So.2d 1135 (1992)
Brenda Raye Wells ELLZEY, Plaintiff-Appellant,
v.
Jonny A. ELLZEY, Defendant-Appellee.
No. 90-830.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Lunn, Irion, Johnson, Salley & Carlisle, Julia A. Mann, Shreveport, for plaintiff/appellant.
Watson, Murchison, Crews, Arthur & Corkern, R. Raymond Arthur, Natchitoches, for defendant/appellee.
Before DOUCET, KNOLL, JJ., and HOOD,[*] J. Pro Tem.
*1136 WARREN E. HOOD, Judge Pro Tem.
This case comes to the court on appeal from a judgment rendered on the trial of a rule to increase child support. Plaintiff in rule states (1) that the trial court committed error by failing to apply the child support guidelines set out at La.R.S. 9:315 et seq., and (2) that the trial court abused its discretion by failing to grant an increase in child support in accordance with the child support guidelines.

FACTS
The facts in this case are uncontroverted. Brenda Wells Ellzey and Jonny Ellzey were divorced on September 2, 1976. Brenda Ellzey was awarded custody of the only child of the marriage, Jennifer Jan Ellzey. Mr. Ellezy was ordered to pay child support in the amount of $100.00 per month. In September 1979, this amount was increased to $150.00 per month.
In 1990 Ms. Ellzey filed a rule to increase child support. Both parties submitted income and expense statements. It is uncontroverted that circumstances have changed since 1979. After trial, the trial judge ruled that an increase in child support was not possible due to defendant's financial situation.
The ultimate question presented for review is whether the trial judge abused his discretion by not following the child support guidelines.

LAW
The child support guidelines contained in La.R.S. 9:315 et seq., are to be used in any proceeding to establish or modify child support filed after the October 1, 1989, effective date. La.R.S. 9:315.1(A). Since this rule to increase child support was filed on January 24, 1990, which is after the effective date, the statutory guidelines are applicable to the case at bar.
La.R.S. 9:315.1(A) creates a rebuttable presumption that the amount calculated under the guidelines is the proper amount of child support to be awarded. La.R.S. 9:315.1(B) allows the court to deviate from the guidelines if their application would be inequitable to the parties or not in the best interest of the child or children. The statute mandates that the court give oral or written reasons for any deviation and these reasons shall be made a part of the record of the proceedings. Montgomery v. Waller, 571 So.2d 765 (La.App. 2d Cir.1990), Crockett v. Crockett, 575 So.2d 942 (La. App. 2d Cir.1991), Matherne v. Matherne, 571 So.2d 888 (La.App. 5th Cir.1990). La. R.S. 9:315.1(C) provides an illustrative list of circumstances in which a court may deviate from these guidelines. La.R.S. 9:315.1, as it read at the time of the filing of the rule and at the time of trial, is reproduced below:
§ 315.1. Rebuttable presumption; deviation from guidelines by court; stipulations by parties
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give oral or written reasons for the deviation. The reasons shall be made part of the record of the proceedings.
C. In determining whether to deviate from the guidelines, the court's considerations may include:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.14. If the combined adjusted gross income of the parties is less than the lowest sum shown on the schedule, the court shall determine an amount of child support based on the facts of the case. If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the provisions of R.S. 9:315.10(B) shall apply.
(2) The legal obligation of a party to support dependents who are not the subject *1137 of the action before the court and who are in that party's household.
(3) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
(4) An extraordinary community debt of the parties.
(5) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this part and may redetermine support without the necessity of a change of circumstances being shown; or
(6) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
D. The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount, and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2. Added by Acts 1989, 2nd Ex.Sess., No. 9, § 1, eff. Oct. 1, 1989.
In the present case the trial judge made the following statements regarding the modification of child support:
"... With reference to the increase in child support, it is obvious that a seventeen year old girl is more expensive to raise than a two year old girl. The test is the need of the child and the child's mother who has custody of this child, and the ability of the father, or the ex-husband, to pay child support. He was ordered to pay a hundred and fifty dollars child support. I have known Mr. Ellzey to be in court before with the Support Enforcement Services. I know his financial situation. I was aware, for instance, that he had to go to Florida seeking work. At one time during the Support Enforcement Services handling of this case it was brought to my attention that he was in Florida. I don't see how he can pay any more than a hundred and fifty dollars a month with the financial situation as it is. It's just not enough money to go around. And it's more expensive to have two households and pay two utility bills than it is to pay one. And Mrs. Ellzey, while I sympathize with you and wish that I could reach up in the air and grab seven hundred and fifty or a thousand dollars a month child support for you there's just no way I can do that. The ruling of the court then is that the application for an increase in child support is denied, not because I don't want to but because there is no way, in my opinion, to raise it from the current hundred and fifty dollars a month to anything over that. I accept Mr. Ellzey's testimony that he's having a hard time paying that...."
As can be seen from this excerpt, the trial court did not apply the statutory guidelines. In fairness to the trial judge it should be noted that the record reflects that neither counsel called the provisions of La.R.S. 9:315 et seq., to the attention of the court or argued their applicability.
Our understanding of the law is that the trial judge must follow the guidelines and determine the amount, if any, that the guidelines call for the father (in this case) to pay. Then, if the court considers any of the statutory reasons for deviation, including 315.1(C)(6)[**], applicable, the trial judge is to so state and give reasons therefor. Although a trial court is still vested with some discretion, the child support guidelines clearly establish that this discretion is now structured and limited.
Here, since it is not apparent that he even considered the guidelines, and since he did not refer to it as such, we cannot say that his reasons for denying a modification of the previous award was considered by him to be a "deviation". Therefore, at this *1138 time it would be premature for us to consider the question of whether "inability to pay" is an appropriate reason for deviation.

CONCLUSION
Because the trial court failed to follow the statutory guidelines, we reverse that portion of the judgment and remand with instructions to follow the provisions of La. R.S. 9:315 et seq. We affirm that portion of the judgment dealing with the arrearages.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
NOTES
[*] Judge Warren E. Hood, Retired Judge of the Fourteenth Judicial District Court, Judge Pro Tempore.
[**] Since amended to redesignate (6) as (7).