MONICA DISCUA

VERSUS

IVIS DISCUA, SR.

                  \*            NO. 2021-CA-0210

                  \*

                        COURT OF APPEAL

                  \*

                        FOURTH CIRCUIT

                  \*

                        STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 17-0001  C\W 17-1488, DIVISION "E"
Honorable Jacques A. Sanborn, Judge
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*
(Court composed of Chief Judge James F. McKay, III, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Lorna Perez Turnage
LAW OFFICE OF LORNA TURNAGE
532 E. Judge Perez Drive
Suite 103
Chalmette, LA 70043


      COUNSEL FOR PLAINTIFF/APPELLANT

                                **VACATED AND REMANDED**
                                  **NOVEMBER 10, 2021**

DNA

JFM

TGC
This matter involves child support arrearages stemming from divorce proceedings. Appellant, Monica Montgomery Discua, appeals the March 9, 2020 trial court judgment that ordered Appellee, Ivis Discua, Sr., to pay child support arrearages in the amount of $700.00 per month based on prior consent judgments. For the following reasons, we vacate the trial court's judgment and remand this matter to the trial court for further proceedings consistent with the statutory mandate and this opinion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Monica Montgomery (hereinafter "Appellant") and Ivis Discua, Sr. (hereinafter "Mr. Discua"), were married in Jefferson Parish on February 14, 2008. Appellant and Mr. Discua are the parents of four minor children.

In February 2017, Appellant instituted divorce proceedings. Specifically, on February 10, 2017, she filed a Petition for Divorce, Custody, and Other Ancillary Matters against Mr. Discua. In the Petition, Appellant sought, in pertinent part, sole custody of the four minor children, child support, and exclusive use of the family home. On March 1, 2017, Mr. Discua filed an Answer and Reconventional Demand, in which he sought, in pertinent part, shared custody of the four minor

1

children and exclusive use of the family home. Thereafter, the trial court conducted various hearings with the parties, and the trial court and the parties signed numerous judgments corresponding to these hearings. Each of these is discussed in turn.

**March 2, 2017 Hearing**

Appellant and Mr. Discua first appeared before the trial court on March 2, 2017. The minutes from the date of this hearing state that Appellant's attorney advised the trial court that Appellant and Mr. Discua reached an interim agreement, which provided a custody schedule for the children, allowed Appellant use of the family home, and provided that both Appellant and Mr. Discua would make payments on the mortgage of the family home. The minutes also state that "[b]oth parties reserve their rights to all retroactivity and credits" and that counsel for Appellant would "prepare [an] interim judgment." However, a corresponding judgment is not located in the record before this Court.

**November 29, 2017 Hearing and First May 29, 2019 Interim Consent Judgment**

The parties returned to court on November 29, 2017. According to Appellant's brief filed with this Court, at this hearing, Appellant and Mr. Discua agreed that the children would remain in the family home with Appellant and Mr. Discua using it on an alternating weekly schedule. However, a document labeled "Interim Consent Judgment" that references the November 29, 2017 hearing and this purported agreement between the parties was not filed until May 29, 2019. The trial court and counsel for Appellant signed the judgment on May 29, 2019; but neither Mr. Discua nor his counsel signed the judgment.

That First May 29, 2019 Interim Consent Judgment states, in pertinent part:

This matter came before this Honorable Court on November 29, 2017 . . . .

> **Parties:** **Lorna Perez Turnage, Attorney for/and Monica Discua**
> **Hester Hilliard, Attorney for/and Ivis Discua, Sr.**

The Court, after considering the pleadings, the evidence, the law and the stipulations of the parties, renders Judgment as follows:

. . . .

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Monica Discua shall have the exclusive use of the family home . . . for the dates of November 30, 2017 through December 8, 2017 at noon.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Ivis Discua. Sr. shall have the exclusive use of the family home . . . for the dates of December 8, 2017 at noon through the date of December 15, 2017 at noon.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Monica Discua shall resume the exclusive use and occupancy of the family home . . . from the date of December 15, 2017 at noon and shall retain exclusive use of the home until the parties return to court on January 12, 2018.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the children shall remain in the home while the parents rotate the use of the home according to the aforementioned schedule.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the parties shall return to court on the date of January 12, 2018 on the issues of custody, support, use of the home and other ancillary matters with all parties waiving notice.

The parties next presented before the trial court on January 12, 2018, as referenced above in the First May 29, 2019 Interim Consent judgment.

**January 12, 2018 Hearing and February 2, 2018 Interim Judgment**

According to an "Interim Judgment" in the record, the trial court conducted another hearing on January 12, 2018. At this hearing, the trial court granted

Appellant use of the family home and responsibility for the mortgage. The trial court also modified Mr. Discua's periods of physical custody. This Interim Judgment was filed on February 2, 2018. The trial court, counsel for Appellant, and counsel for Mr. Discua signed the Interim Judgment on February 2, 2018.

The February 2, 2018 Interim Judgment states, in pertinent part:

> This matter came before this Honorable Court on January 12, 2018 on a Rule for Custody, Support, Use of Family Home and Other Ancillary Matters.
>
> **Parties:** **Lorna P. Turnage, Attorney for/and Monica Discua**
> **Hester Hill[i]ard, Attorney for/and Ivis Discua, Sr.**
>
> The Court, after considering the pleadings, the evidence, the law, and the stipulations of the parties, renders Judgment as follows:
>
> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Monica Discua is granted the use and occupancy of the family home . . . until further order of this Court. Monica Discua shall be responsible for paying the mortgage note on the home and any bills related to the use of the home.
>
> . . . .
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Ivis Discua, Sr. shall have visitation with the minor children on the first three weekends of every month, from Friday afternoon until Monday morning, beginning the weekend of January 12, 2018.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the parties shall return to court on February 2, 2018.

The parties next returned to the trial court on February 2, 2018 as referenced in the above February 2, 2018 Interim judgment.

4

## February 2, 2018 Hearing and Second May 29, 2019 Interim Consent Judgment

The parties returned to the trial court again on February 2, 2018, and they ultimately selected a trial date of February 28, 2018, at which to resolve all issues pending before the trial court. At the February 2, 2018 hearing, counsel for Appellant requested that Mr. Discua provide financial support to Appellant between the February 2, 2018 hearing date and the February 28, 2018 selected trial date. The trial court heard testimony from Appellant about her current monthly income and income she received from a rental property. Afterward, the following colloquy occurred:

THE COURT: How many kids?

COUNSEL FOR APPELLANT: Four.

THE COURT: I'm going to set temporary support at $400 a month. . . . And we got to - - when [are] we coming back?

COUNSEL FOR APPELLANT: March 12th.

. . . .

THE COURT: And temporary child support set at $400.

COUNSEL FOR APPELLANT: The 400. And can we break that - -

THE COURT: Temporary.

COUNSEL FOR APPELLANT: Can he assist with any of the community bills in the interim?

THE COURT: What other community bills?

COUNSEL FOR APPELLANT: She's paying the house note on the house that they're in.

COUNSEL FOR MR. DISCUA: And you gave her exclusive use and said in your judgment that she's to pay the house note, Your Honor.

THE COURT: How much is the house note?

. . . .

COUNSEL FOR MR. DISCUA: Your Honor, Your Honor, when we came last, she wanted exclusive use of the home. You gave her temporary exclusive use of the home and said to her that she was responsible for paying that house note. . . .

THE COURT: Those kids need to be fed. He'll pay an additional $300 a month that goes towards the house note exclusively, in which case he'll get a credit for.

COUNSEL FOR APPELLANT: Thank you, Judge.

THE COURT: So that's a total of 700 a month. 400 basically going toward child support. 300 will be counted as child support but will be payable toward the house note.

COUNSEL FOR MR. DISCUA: Your Honor, we ask you please note our objection to that.

THE COURT: Note your objection, but we [are] coming back on when?

COUNSEL FOR MR. DISCUA: We [are] coming back on the 12th.

THE COURT: We'll put everybody on, and then we'll go from there.

COUNSEL FOR MR. DISCUA: And this is just temporary until we get back, right?

. . . .

THE COURT: Yes, it's temporary. . . .

COUNSEL FOR APPELLANT: I'll prepare.

THE COURT: Prepare the judgment. Open court notice to both parties.

COUNSEL FOR APPELLANT: She's not going to be here on the March date . . . .

. . . .

THE COURT: Go pick [another date] . . . .

COUNSEL FOR APPELLANT: February 28th for Discua.

6

In sum, at the February 2, 2018 hearing, the trial court verbally ordered Mr. Discua to pay Appellant "a total of 700 a month. 400 basically going toward child support. 300 will be counted as child support but will be payable toward the house note."

The record contains an "Interim Consent Judgment" that refers to the February 2, 2018 hearing. The Interim Consent Judgment has a filed date of May 29, 2019. The trial court and counsel for Appellant signed this Second May 29, 2019 Interim Consent Judgment; however, neither Mr. Discua nor his counsel signed the document. The Second May 29, 2019 Interim Consent Judgment states, in pertinent part:

> This matter came before this Honorable Court on February 2, 2018 on the issues of Custody, Support, Use of Family Home and Other Ancillary Matters filed on behalf of Monica Discau [sic].
>
> **Parties:** **Lorna Turnage, Atty for Monica Discua**
> **Hester Hilliard, Attorney for/and Ivis Discua, Sr.**
>
> The Court, after considering the pleadings, the evidence, the law, and the stipulations of the parties, renders Judgment as follows:
>
> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that both parties agree to continue all matters to a special setting on March 12, 2018 at 9:30[]am.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that **IVIS DISCUA, SR.** shall pay interim child support in the amount of $400.00 per month. This amount is rendered on an interim basis without prejudice to either party. **IVIS DISCUA, SR.** shall pay an additional $300.00 per month towards the house note, for a total of $700.00 per month. The amount that **IVIS DISCUA, SR.** is ordered to pay towards the house note is rendered without prejudice on an interim basis.

The Second May 29, 2019 Interim Consent Judgment put into writing the trial court's verbal order from the February 2, 2018 hearing for Mr. Discua to pay Appellant $700.00 per month, with $400.00 considered interim child support and $300.00 contributing to the house note.

7

Ultimately, the trial court continued the February 28, 2018 trial date until March 12, 2018. Next, the trial court continued the March 12, 2018 trial date until March 29, 2018. Then, the trial court continued the March 29, 2018 trial date until May 7, 2018.

**May 7, 2018 Hearing; July 10, 2018 Consent Judgment; and May 29, 2019 Consent Judgment**

At a May 7, 2018 hearing, the trial court heard testimony from Mr. Discua regarding his income and about whether child support payments were owed for February 2018 and May 2018. While Mr. Discua testified, the following colloquy occurred:

> THE COURT: Counsel, this is for the future. Okay? This is not the – I'm going to base whatever he's going to pay on what he's already made. Okay? What's in the future, I don't know. It[']s perspective [sic], we don't know. You come back next year.
>
> COUNSEL FOR MR. DISCUA: Okay.
>
> THE COURT: And I should have income tax returns for past years which I don't think – [you all] haven't supplied income and expense sheets nor income tax returns.
>
> COUNSEL FOR MR. DISCUA: Okay.
>
> THE COURT: Go ahead.
>
> COUNSEL FOR MR. DISCUA: I will have it tomorrow in the record.
>
> . . . .
>
> COUNSEL FOR MS. DISCUA: Okay. Are you asking this Court to grant the judgment of divorce today?
>
> MR. DISCUA: Yes.
>
> . . . .
>
> THE COURT: I want to see the status of the law. I also want to see income and expense sheets.
>
> MR. DISCUA: I have mine, Your Honor.

8

THE COURT: Be quiet. I'm talking to them.

. . . .

THE COURT: Right now he's ordered to pay the $700. Now, I don't know whether – I forget whether the February payment was taken care of. I don't quite remember.

. . . .

THE COURT: I want to see exactly what the transcript says. But I will adhere to whatever the transcript says. He may owe an additional 700. But he owes the May payment for sure.

The trial court then ordered Mr. Discua to pay child support no later than the fifth of each month. In the record before this Court is a document labeled "Salary Table" that was filed with the trial court on May 8, 2018. It contains a handwritten note with Appellant's and Mr. Discua's names and a number next to each party's name that appears to be each party's yearly income. Additionally, Mr. Discua filed with the trial court an "Income and Expense Sheet" on May 8, 2018.

The record contains a document that refers to the May 7, 2018 hearing. The document is titled "Consent Judgment" and has a filed date of July 3, 2018. The trial court, counsel for appellant, and counsel for Mr. Discua each signed the document on July 10, 2018. The July 10, 2018 Consent Judgment states, in pertinent part:

> This matter came before this Honorable Court on May 7, 2018 on the issues of custody, support and other ancillary matters.
>
> **Parties:** **Monica Discua and her attorney, Lorna Perez Turnage**
> **Ivis Discua, Sr. and his attorney, Jon Steele**
>
> The Court, after considering the pleadings, the evidence, the law, and the stipulations of the parties, renders Judgment as follows:
>
> . . . .

9

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that both parties shall prepare and supply the Court with post-hearing memos regarding the divorce. The court shall obtain a copy of the transcript from the February 2018 hearing and shall provide each attorney with a transcript from that hearing.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Ivis Discua, Sr. shall pay $700.00 per month in child support to Monica Discua for the support of the four children. The money shall be paid by the 5th of every month. The parties reserve all rights relative to retroactivity of the support award and/or credits against the retroactive award.

The same language from the above July 10, 2018 Consent Judgment also appears in another "Consent Judgment" that was filed on May 29, 2019. The trial court and counsel for Appellant signed the May 29, 2019 Consent Judgment; but neither Mr. Discua nor his counsel signed it.

**January 27, 2020 Motion to Terminate Community Property Regime**

On January 27, 2020, Appellant filed a "Motion to Terminate Community Property Regime, to Set Hearing on Child Support, and to Make Arrears Executory." The motion stated, in pertinent part, that "[t]his Court previously ordered the Defendant to pay Child Support in the amount of $700.00 per month." The motion contended that "[t]he Order was temporary and without prejudice." On February 13, 2020, Mr. Discua filed an opposition to the motion. In the opposition, Mr. Discua asserted that "[t]he Court's previous order for the Defendant to pay child support in the amount of $700.00 per month was not temporary and without prejudice." The trial court addressed this motion at a February 20, 2020 hearing.

**February 20, 2020 Hearing and March 9, 2020 Judgment**

The parties returned to the trial court on February 20, 2020, to address Appellant's Motion to Terminate Community Property Regime, to Set Hearing on

10

Child Support, and to Make Arrears Executory. At the hearing, the following discussion occurred regarding child support arrearages:

> THE COURT: I believe there is some agreement on some things but not others?
>
> COUNSEL FOR APPELLANT: That is correct, Your Honor. We have reached an agreement on the amount of child support that will be going forward since the date of the last interim judgment and that was I believe 1250; is that correct?
>
> COUNSEL FOR MR. DISCUA: It was 1250 a month, yes.
>
> . . . .
>
> THE COURT: What's the magic date for that to begin? When was it filed?
>
> COUNSEL FOR MR. DISCUA: I have February 2020.
>
> COUNSEL FOR APPELLANT: I agree with that.
>
> . . . .
>
> COUNSEL FOR APPELLANT: That is correct. So the only issue we have today at this time, Your Honor, is the amount of arrears and how it should be calculated. Just to be clear for the record, there was an interim judgment that was entered previously stating that the defendant would be paying $700 a month to the recipient for child support. That was an interim judgment and it was without prejudice at that time. There was a second judgment that came a few months later that did not have the specific language in there that it would be an interim judgment without prejudice.
>
> THE COURT: Let me see both judgments again.
>
> . . . .
>
> THE COURT: Yes. Let's get it clear, there are two judgments, past judgments; is that correct?
>
> COUNSEL FOR APPELLANT: That is correct.
>
> THE COURT: One that was filed on July 3rd, 2018 and one that was filed on May 29th, 2019. And one that was filed in 2018 issued before the court on May 7th, 2018. And the second judgment came into court on February 2nd, 2018. And the last judgment, interim consent judgment, hereby ordered that all matters would be continued to a

special setting on March 12th. And then there was a listing that Ivis Discua pay interim child support in the amount of 400 and that's without prejudice to either party and then he paid additional 300 towards the house note. So that basically leaves everything up in the air. When we go back to the original judgment, the last paragraph, it is further ordered and decreed that Ivis Discua, Sr. shall pay $700 a month in child support to Monica Discua for the four children. The money shall be paid by the 5th of every month. The parties reserve all rights to the retroactivity of support. That's it.

COUNSEL FOR APPELLANT: That's correct.

THE COURT: That is 700 a month retroactive to the filing. And that's it. Now, who is trying to say anything different?

COUNSEL FOR APPELLANT: Your Honor, we are arguing that of course that it goes back to the date of judicial demand and not the date of that judgment. That was a continuation of the judgment that was originally issued in February. Now we understand that the judgment itself may not have been typed properly and they should have made it clear that this was a continuation of an interim order that was without prejudice but there were no other worksheets that were done at that time period to actually do a calculation. And as the court noted as well –

THE COURT: Let me interpret you. You came to court. This was in May of 2018?

COUNSEL FOR APPELLANT: That's correct.

THE COURT: What had been filed before that to get us into court?

COUNSEL FOR APPELLANT: A petition for divorce and a request for child support.

THE COURT: When was that filed?

COUNSEL FOR APPELLANT: Filed in February of 2017.

THE COURT: Were there interim order[s] between the date of the filing requesting the child support in May of 2018?

COUNSEL FOR APPELLANT: Yes, there was an interim order that was issued in February of 2018.

. . . .

COUNSEL FOR APPELLANT: Yes. It says filed May 2019 but the date of the hearing was February 2nd, 2018.

12

THE COURT: This one, in my opinion, is strictly just interim because both parties agreed to continue all matters to a special setting.

COUNSEL FOR APPELLANT: That is correct.

THE COURT: In my opinion, this judgment holds and that is 700 a month going back to when the request was made formally. And when was that?

. . . .

THE COURT: Fine. One more time. He was ordered to pay $700 a month in child support. The parties reserved all rights relative to the retroactivity of the support. In my opinion, the $700 a month goes back to when you filed requesting for child support. And when was that?

COUNSEL FOR APPELLANT: Which was February 2017.

. . . .

THE COURT: Then that's the way it is. That's how much he owes.

COUNSEL FOR APPELLANT: Can you note my objection for the record?

THE COURT: I note your objection. Otherwise, you have to really clearly spell it out and it wasn't.

COUNSEL FOR APPELLANT: Just to be clear for the record, you are stating that because of the way it was recorded in the consent judgment it was not clear to the Court this was an interim judgment?

THE COURT: My opinion, yes.

COUNSEL FOR APPELLANT: Note my objection.

THE COURT: I note your objection. Anything else? [You all] reached an agreement on everything else?

COUNSEL FOR MR. DISCUA: Everything else. The only other thing was the amount for the arrears that we know - -

THE COURT: Calculate the arrears based upon the 700.

COUNSEL FOR MR. DISCUA: So for the delay, we are ready. We have agreed Ivis Discua, Sr. shall pay $1,250 per month in child support to Monica Montgomery [formerly] Monica Discua for the

support of the parties' four minor children beginning in February 2020. That means that he owes $1,250, not the 700, so he still owes 550. We also agree that at the time of signing this judgment, the only months in which arrearages remain at issue are the months of February, March, April, May, June, and July of 2017, December of 2017, January and February of 2018, and October of 2018. Also agree that Ivis Discua on account of his military obligations has until April 15th, 2020 to provide evidence of credits to the above noted months to Monica -- April 15th, 2020, not May 15th, 2020. . . .

. . . .

COUNSEL FOR MR. DISCUA: The percentages based on the obligation Worksheet A, 61 percent for Ivis, 39 percent from Monica. It is further agreed that in March, before March 20th, Ivis will pay $500 in addition to his child support payment towards any arrears that may be calculated by April 15th.

COUNSEL FOR APPELLANT: And once the arrears are calculated on April 15th, if he has any arrears, he will pay an additional $200 per month towards those arrears. That $200 will be in addition to his normal child support amount.

In sum, the parties calculated that Mr. Discua would pay final child support at a rate of $1,250.00 per month; and the trial court concluded that arrearages for past due child support were $700.00 per month. Counsel for Mr. Discua then offered to prepare a judgment.

Following the February 20, 2020 hearing, the trial court signed a judgment on March 9, 2020, which summarized the outcome of the February 20, 2020 hearing. It states, in pertinent part:

The above matter came for hearing before the Court on February 20, 2020, on Monica Discua's *MOTION TO TERMINATE COMMUNITY PROPERTY REGIME, TO SET HEARING ON CHILD SUPPORT, AND TO MAKE ARREARS EXECUTORY WITH REQUEST FOR AN EXPEDITED HEARING*. The only issue addressed at hearing and judicially determined was the amount per month Ivis Discua, Sr. would owe to Monica Discua in arrearages. The amount of months Ivis Discua, Sr. is in arrears is still in dispute and was not judicially determined.

**Present:**

14

Ivis Discua, Sr., and his attorney, Erich Puderer

Monica Discua and her attorney, LaMarre Elder

The Court, after considering the law, pleadings, and arguments of counsel:

**IT IS ORDERED, ADJUDGED, AND DECREED** that based on consideration of prior Consent Judgments between the parties, the arrearages owed by Ivis Discua, Sr. to Monica Montgomery (Discua) shall be calculated at the rate of $700.00 per month.

Appellant now seeks review of that March 9, 2020 judgment.

## STANDARD OF REVIEW

A trial court's child support award is entitled to great weight on appeal. *Bernstein v. Bernstein*, 2019-1106, p. 9 (La. App. 4 Cir. 2/10/21), 313 So. 3d 413, 421 (citing *Langley v. Langley*, 2007-0754, p. 3 (La. App. 4 Cir. 3/26/08), 982 So.2d 881, 883). "Thus, 'the standard of review in a child support case is manifest error' and '[g]enerally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error.'" *Id.* (citing *State, Dep't of Soc. Servs. ex rel. D.F. v. L.T.*, 2005-1965, p. 6 (La. 7/6/06), 934 So.2d 687, 690; La. R.S. 9:315.17). However, a trial court's failure to even consider the Louisiana Child Support Guidelines in setting a child support award constitutes an error of law. *Stogner v. Stogner*, 1998-3044, p. 10 (La. 7/7/99), 739 So.2d 762, 768. Further, "[t]he trial court's failure to follow the mandatory procedure for deviation [from the guidelines] set forth in La. R.S. 9:315.1, constitutes legal error which precludes review of the deviation under the manifest error standard of review." *Bernstein*, 2019-1106, p. 9, 313 So.3d at 421 (quoting *Dufresne v. Dufresne*, 2010-0963, p. 8 (La. App. 5 Cir. 5/10/11) 65 So.3d 749, 755). "With regard to decisions of law, [] a trial court's ruling is subject to *de novo* review." *Durfee v. Durfee*,

15

44,281, p. 4 (La. App. 2 Cir. 5/13/09), 12 So.3d 984, 987 (citing *Hall v. Folger Coffee Co.*, 2003-1734 (La. 4/14/04), 874 So.2d 90).

## DISCUSSION

On appeal, Appellant raises one assignment of error. She argues that "[t]he trial court reversibly erred when it ruled that the parties entered into a Consent Agreement at the May 7, 2018 hearing, setting child support for the four children in the amount of $700.00 per month." Further, in briefing to this Court, Appellant contends that when the trial court ordered a payment of $700 per month at the February 2, 2018 hearing, neither party agreed that this amount would constitute child support. She contends that the trial court did not calculate the amount of $700 per month pursuant to the Louisiana Child Support Guidelines even though these guidelines are mandatory. Rather, Appellant explains, the trial court did not follow the child support guidelines until the February 20, 2020 hearing, at which time the trial court ordered a final child support obligation of $1,250.00 per month. Appellant asserts that the consent of the parties as to that $1,250.00 per month child support obligation reached at the February 20, 2020 hearing should be retroactive to the date of judicial demand, i.e. the date Appellant filed the Petition for Divorce on February 10, 2017. She prays that this Court will reverse the March 9, 2020 judgment that set child support arrearages in the amount of $700.00 per month and find that the child support award of $1,250.00 is retroactive to the date of judicial demand.

As this dispute involves arrearages based on the interim child support award of $700.00, we begin our *de novo* review of this matter with the laws concerning interim child support in Louisiana. Louisiana Civil Code Article 141 and La. R.S. 9:315.1(C)(6) constitute the statutory authority for an award of interim child

16

support. *Ventura v. Rubio*, 2000-0682, p. 8, n. 4 (La. App. 4 Cir. 3/16/01), 785 So.2d 880, 887. Louisiana Civil Code Article 141 provides that "[i]n a proceeding for divorce or thereafter, the court may order either or both of the parents to provide an interim allowance or final support for a child based on the needs of the child and the ability of the parents to provide support." Louisiana Revised Statutes 9:315.1(C)(6) states that the necessity for immediate and temporary child support is a factor that the trial court may consider in determining whether to deviate from the Louisiana Child Support Guidelines but only if a full hearing on the issue of support is pending and cannot be timely held. La. R.S. 9:315.1(C)(6). Next, we review the Louisiana Child Support Guidelines in more detail, as well as the jurisprudence interpreting them.

The Louisiana Child Support Guidelines are codified in La. R.S. 9:315, et seq. Louisiana Revised Statutes 9:315.1 states that "[t]he guidelines set forth in this Part are to be used in *any* proceeding to establish or modify child support filed on or after October 1, 1989." (Emphasis added). The method for "[c]alculation of basic child support obligation" is provided in La. R.S. 9:315.2. It requires, in pertinent part, that "[e]ach party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings." La. R.S. 9:315.2(A). Suitable documentation includes, though is not limited to, pay stubs and employer statements. *Id.* Further, the documentation must include a copy of each party's most recent federal tax return. *Id.* With this documentation, "[t]he court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.19 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding . . . ." La. R.S. 9:315.2(D). After the

17

calculation of the basic child support obligation, the trial court supplements the basic amount with any applicable additions, such as child care costs, health insurance premiums, extraordinary medical expenses, and other extraordinary expenses. *See* La. R.S. 9:315.3 - La. R.S. 9:315.6. The trial court then deducts the income of the child, if any, to determine the total child support obligation. La. R.S. 9:315.8. The Louisiana Child Support Guidelines also allow a trial court to review and approve a stipulated or consent judgment proffered by the parties:

> The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2.

La. R.S. 9:315.1(D).

A trial court may deviate from the Louisiana Child Support Guidelines if application of the guidelines is not in the best interest of the child(ren) or if it would create inequity for the parties. La. R.S. 315.1(B)(1). As discussed, La. R.S. 315.1(C)(6) provides that the necessity for immediate and temporary child support is a factor that the trial court may consider in determining whether to deviate from the guidelines but only if a full hearing on the issue of support is pending and cannot be timely held. However, if a trial court deviates from the guidelines, the trial court must "give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines." La. R.S. 9:315.1(B). The trial court's reasons for the deviations must be part of the record of the proceedings. *Id.* Where the record is unclear if the trial court even considered the guidelines, let

alone whether the trial court deviated from them, a reviewing court should remand with instructions to follow La. R.S. 9:315, et seq; *see Ellzey v. Ellzey*, 594 So.2d 1135, 1137-38 (La. App. 3 Cir. 1992).

The requirement that the trial court must follow the Louisiana Child Support Guidelines applies even when the trial court sets an interim or temporary child support award. *See Ventura*, 2000-0682, pp. 7-8, 785 So.2d at 886-88; La. R.S. 315.1(A). In *Ventura*, Mr. Rubio alleged that the trial court erred, in part, in failing to order the production of the financial documentation of the parties in setting an interim child support award. *Id.* In setting aside the interim child support award, this Court explained:

> Documentation is essential to the setting of child support, even in the context of an interim or temporary order.
>
> . . . .
>
> [The Louisiana Child Support Guidelines] require[] that a record must be made by the court so that a reviewing court can determine whether the interim support decree is based upon evidence of sufficient reasonable probative value. The minimal evidence necessary is the verified income statements and appropriate documentation as required by La. R.S. 9:315.2 A, or stipulations by the parties. . . .
>
> The court record before us fails to reflect upon what the assignment of [yearly income] is based. The court record further fails to reflect the basis for recognizing [] monthly income at $3,059. It is clear that La. R.S. 9:315.2 A, when read with La. R.S. 9:315.1 B and C(5), presumes that a court shall set interim support only when verified income statements are furnished.

*Ventura*, 2000-0682, pp. 8-10, 785 So.2d at 888 (footnotes omitted). Therefore, a trial court must adhere to the guidelines even in setting an interim child support award by reviewing the parties' financial documents as required by La. R.S. 9:315.2(A). *Id.*

19

The requirement that the trial court must follow the Louisiana Child Support Guidelines also applies when the trial court evaluates a stipulated or consent judgment. *Stogner*, 1998-3044, p. 10, 739 So.2d at 768-69; La. R.S. 9:315.1(D). In *Stogner*, the Louisiana Supreme Court determined that the trial and appellate courts had erred as a matter of law by accepting a stipulated child support amount submitted by the parties without first considering the guidelines to ascertain the adequacy of the stipulated amount. *Stogner*, 1998-3044, p. 13, 739 So.2d at 770. The Court explained that, despite the freedom of parties to enter stipulated or consent judgments, "the adequacy of [a] stipulated amount must be evaluated in light of the [guidelines'] considerations" because of the strong public policy interest of caring for children that is at the foundation of the guidelines. *Stogner*, 1998-3044, pp. 9-10, 739 So.2d at 768. In its explanation of public policy concerns, the *Stogner* Court quoted La. Civ. Code Art. 7, which states that "[p]ersons may not by their juridical acts derogate from laws enacted for the protection of the public interest." *Id.*, 1998-3044, p. 10, 739 So.2d at 768. Further, the *Stogner* Court emphasized that "the legislature provided that the guidelines must be used 'in *any* proceeding to establish or modify child support.'" *Id.*, 1998-3044, p. 8, 739 So.2d at 767 (quoting La. R.S. 9:315.1(A)). The *Stogner* Court also emphasized the text of La. R.S. 9:315.1(D), which permits a trial court to consider a stipulated or consent judgment and states that "[i]f the court does review [a] stipulation, the court *shall* consider the guidelines . . . to review the adequacy of the stipulated amount . . . . " (Emphasis added). *Id.*, 1998-3044, pp. 7-9, 739 So.2d at 767-68. Thus, a trial court must consider the Louisiana Child Support Guidelines not only in setting an interim child support award but also in reviewing a stipulated or consent agreement as to a child support award.

We review the record *de novo* to determine whether the trial court adhered to the Louisiana Child Support Guidelines when setting the interim support award of $700.00 per month, upon which the trial court later determined the amount due for child support arrearages in the March 9, 2020 judgment. As discussed, the Louisiana Child Support Guidelines require the trial court to review the parties' financial documentation in setting an interim child support award. *Ventura*, 2000-0682, p. 8, 785 So.2d at 888. The trial court first set the interim support award of $700.00 per month orally at the February 2, 2018 hearing after Appellant testified about her current monthly income. At the subsequent May 7, 2018 hearing, the trial court heard testimony from Mr. Discua about his income, and the trial court told the parties, "I should have income tax returns for past years which I don't think – [you all] haven't supplied income and expense sheets nor income tax returns." Thus, the record indicates that, at the time the trial court first set the $700.00 award at the February 2, 2018 hearing, the trial court had not considered both parties' financial information. That is, the record indicates that the trial court had not yet heard any information about Mr. Discua's income when the trial court set the $700.00 award at the February 2, 2018 hearing.

Moreover, the trial court did not have the financial documentation from the parties at the time the trial court originally set the interim award of $700.00 per month at the February 2, 2018 hearing as required by La. R.S. 9:315.2(A). The record before us fails to demonstrate how the trial court arrived at an amount of $700.00 per month at the February 2, 2018 hearing without the income and expense sheets and income tax returns that the guidelines require a court to consider. Accordingly, we cannot determine whether the trial court's interim support award of $700.00 per month and subsequent award of arrearages based on

21

that amount were grounded upon evidence of sufficient reasonable probative value. *See Ventura*, 2000-0682, pp. 8-10, 785 So.2d at 888. Though the trial court eventually received an income and expense sheet from Mr. Discua on May 8, 2018, this occurred *after* the trial court orally set the interim award of $700.00 on February 2, 2018. Additionally, the record before this court does not demonstrate that the trial court *ever* received other documentation from the parties as required by the Louisiana Child Support Guidelines, namely income tax returns from Mr. Discua; an income and expense sheet from Appellant; and income tax returns from Appellant.

Further, the March 9, 2020 judgment states that the $700.00 per month in arrearages was based on "prior Consent Judgments between the parties[,]". The only consent judgment containing the $700.00 per month award that was signed by Appellant, Mr. Discua, and the trial court is the July 10, 2018 Consent Judgment. Therefore, this is the only consent judgment upon which the arrearages could be based because the other purported consent judgments do not have Mr. Discua's signature and thus his consent. As the Louisiana Supreme Court explained in *Stogner*, a trial court must consider the Louisiana Child Support Guidelines in any proceeding to establish child support, including in evaluating a stipulated or consent judgment. The record before this Court is devoid of information that the trial court considered guidelines before signing the July 10, 2018 Consent Judgment as is required. As noted previously, the record before this Court indicates that the trial court never received all of the required financial documentation from the parties, namely the income tax returns from Mr. Discua; an income and expense sheet from Appellant; and income tax returns from Appellant Accordingly, to the extent the trial court set child support arrearages based on the

July 10, 2018 Consent Judgment, the record before this Court fails to demonstrate that the trial court adhered to the Louisiana Child Support Guidelines in so doing.

We also note that while La. R.S. 9:315.1(B) provides that a court may deviate from the Louisiana Child Support Guidelines, the record before this Court is so devoid of information that we cannot determine if the trial court considered the guidelines, let alone whether the trial court decided to deviate from them. Even if the trial court considered the guidelines and determined that deviation was in the best interest of the parties or the four minor children, the trial court did not provide oral or written reasons for deviating as is required by La. R.S. 9:315.1(B). Thus, if the trial court considered the guidelines and deviated from them, the trial court failed to follow the statutory procedure for deviating.

In sum, we find that the record fails to demonstrate that the trial court followed the procedures set forth in the Louisiana Child Support Guidelines when setting the interim child support award. Because the trial court subsequently based the amount of arrearage in its March 9, 2020 judgment upon that interim support award, we find that this judgment must be vacated and remanded for further proceedings consistent with the statutory mandate and this opinion. *See Ellzey*, 594 So.2d at 1137-38.

## DECREE

For the foregoing reasons, the trial court's March 9, 2020 judgment, which set child support arrearages in the amount of $700 per month, is vacated and remanded for further proceedings consistent with the statutory mandate found in the Louisiana Child Support Guidelines and with this opinion.

**VACATED AND REMANDED**

23